664 So.2d 1163 (1995)
Duane FOSMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-2484.
District Court of Appeal of Florida, Fourth District.
December 27, 1995.
*1164 Alan H. Schreiber, Public Defender, and Michael J. Ryan, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, Judge.
The trial court ordered petitioner, a defendant charged with armed sexual battery, to submit to a blood test for human immunodeficiency virus (HIV), and petitioner seeks a writ of certiorari. Petitioner alleges that compliance with the order will disclose information which is privileged under Florida's constitutional right to privacy, and that the order constitutes a departure from the essential requirements of law for which he will have no adequate remedy by appeal. We have jurisdiction. Rasmussen v. South Fla. Blood Serv., Inc., 500 So.2d 533 (Fla. 1987), Bartlett v. Hamwi, 626 So.2d 1040 (Fla. 4th DCA 1993).
The victim in this case requested that petitioner be required to have an HIV test under Florida Statute section 960.003 (Supp. 1994), the pertinent provisions of which are:
(1) LEGISLATIVE INTENT.  The Legislature finds that a victim of a criminal offense which involves the transmission of body fluids is entitled to know at the earliest possible opportunity whether the person charged with ... the offense has tested positive form human immunodeficiency virus (HIV) infection. The Legislature finds that to deny victims access to HIV test results causes unnecessary mental anguish in persons who have already suffered trauma. The Legislature further finds that since medical science now recognizes that early diagnosis is a critical factor in the treatment of HIV infection, both the victim and the person charged ... benefit from prompt disclosure of tests results.
(2) TESTING OF PERSON CHARGED WITH OR ALLEGED BY PETITION FOR DELINQUENCY TO HAVE COMMITTED CERTAIN OFFENSES.  In any case in which a person has been charged by information or indictment with ... any offense enumerated in s. 775.0877(1)(a)-(1), which involves the transmission of body fluids from one person to another, upon request of the victim ... the court shall order such person to undergo HIV testing ...
Subsection (3) provides for the disclosure of the results only to the victim and to public health authorities.
The issue we address first is whether the taking and testing of petitioner's blood is an unreasonable search which violates *1165 the Fourth Amendment. A blood test is a search; however, the Fourth Amendment does not prohibit all searches, only unreasonable ones. Skinner v. Railway Labor Executive's Ass'n, 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). Whether a search is reasonable under the Fourth Amendment is determined by "balancing the need to search against the invasion which the search entails." New Jersey v. T.L.O., 469 U.S. 325, 337, 105 S.Ct. 733, 740, 83 L.Ed.2d 720, 731 (1985) (quoting Camara v. Municipal Court, 387 U.S. 523, 536-37, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930, 940 (1967)).
In Skinner the Supreme Court approved blood and urine tests, without probable cause, of railway employees involved in serious railroad accidents, explaining: "When faced with such special needs, we have not hesitated to balance the governmental and privacy interests to assess the practicality of the warrant and probable cause requirements in the particular context." Skinner, 489 U.S. at 619, 109 S.Ct. at 1414. In a companion case to Skinner, National Treasury Employees Union v. Von Raab, 489 U.S. 656, 109 S.Ct. 1384, 1390, 103 L.Ed.2d 685 (1989), the Court allowed mandatory drug testing, without probable cause, of customs employees seeking transfer to positions involving the interdiction of drugs or requiring carrying a firearm.
Skinner and Von Raab were preceded by, among other cases, New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. at 733 (warrantless searches of student's property by school officials of student property are justified by special need to maintain security and an educational environment); O'Connor v. Ortega, 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (warrantless searches of desks and offices of public employees justified by special needs of government as employer); Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987) (warrantless searches of homes of probationers); Bell v. Wolfish 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (warrantless body cavity searches of prison inmates); and New York v. Burger 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987) (warrantless searches of premises of businesses which are subject to a high degree of state regulation).
Under the rationale of Skinner, and other cases discussed above, the Illinois Supreme Court has upheld a statute which required HIV testing for persons convicted of prostitution. People v. Adams, 149 Ill.2d 331, 173 Ill.Dec. 600, 597 N.E.2d 574 (1992). A California appellate court has also done so in Love v. Superior Court, 226 Cal. App.3d 736, 276 Cal. Rptr. 660 (Cal. App. 1st Dist. 1990).
In Johnetta v. Municipal Court, 218 Cal. App.3d 1255, 267 Cal. Rptr. 666 (Cal. App. 1st Dist. 1990), a statute required an HIV test for any persons charged with biting or transferring blood or other bodily fluids through the skin of a police officer. The court in Johnetta found, after hearing extensive medical testimony, that although there was only the slightest risk that the victim would be infected with HIV through a bite, the result of the attacker's HIV test would still be of some use to the victim. Johnetta, 218 Cal. App.3d at 1279-81, 267 Cal. Rptr. at 680-82.
Although a statute specifically requiring HIV testing was not at issue the Wisconsin Supreme Court held in Syring v. Tucker, 174 Wis.2d 787, 498 N.W.2d 370 (1993), that the defendant who bit plaintiff could be compelled to submit to an HIV test under the statute authorizing compulsory physical examinations in civil actions.
Article I, section 12 of the Florida Constitution requires us to apply search and seizure law in conformance with the interpretation of the Fourth Amendment by the United States Supreme Court. Applying the "special needs" tests of Skinner and Von Raab, and agreeing with Johnetta, Adams, and Syring, we conclude that the Florida HIV testing statute passes the special needs test. We cannot say it more succinctly or persuasively than the Illinois Supreme Court did in Adams:
The challenged statute concerns matters lying at the heart of the State's police power. There are few, if any, interests more essential to a stable society than the health and safety of its members. Toward that end, the State has a compelling interest in protecting and promoting public *1166 health and, here, in adopting measures reasonably designed to prevent the spread of AIDS... . Once persons who are carriers of the virus have been identified, the victims of their conduct and the offenders themselves can receive necessary treatment, and, moreover, can adjust their conduct so that other members of the public do not also become exposed to HIV. In this way, the spread of AIDS through the community at large can be slowed, if not halted. We believe that the HIV testing requirement advances a special governmental need.
Adams, 597 N.E.2d at 580-81.
Petitioner also asserts that the Florida statute is unconstitutional because it does not provide for notice and an opportunity to be heard, i.e., procedural due process. We do not agree, since the whole point of Skinner and Von Raab is that "special needs" can outweigh the necessity of probable cause. Even if a probable cause hearing were necessary, it would not mean that the lack of such procedure in the statute would make it unconstitutional. Observing that doubts as to the validity of statutes are to be resolved in favor of constitutionality, our supreme court, in Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991), upheld our forfeiture statute, which was deficient in procedural safeguards, by establishing proper procedures in its opinion.[1]
The only other issue raised by petitioner which we deem worthy of discussion is his contention that the statute is unconstitutional because it violates his right to privacy under article I, section 23, of the Florida Constitution, which provides:
Right of privacy.  Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.
In Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544, 547 (Fla. 1985), the Florida Supreme Court adopted the most stringent standard of judicial review for determining whether Florida's right to privacy amendment has been violated.
The right of privacy is a fundamental right which we believe demands the compelling state interest standard. This test shifts the burden of proof to the state to justify an intrusion on privacy. The burden can be met by demonstrating that the challenged regulation serves a compelling state interest and accomplishes its goal through the use of the least intrusive means.
The supreme court concluded in Winfield that although individuals have a legitimate expectation of privacy in their bank records, the state's interest in conducting investigations in the pari-mutuel industry was a compelling state interest, and that issuing subpoenas to banks was the least intrusive method to accomplish the state's interest.
Applying Winfield, we first determine whether petitioner has a "reasonable expectation of privacy." Id. at 547. We conclude that where there is probable cause to believe that a person has committed sexual battery and transmitted bodily fluids to the victim, there is no reasonable expectation of privacy in regard to having a blood test for HIV, the results of which are disclosed only to the victim and to public health authorities. This case is distinguishable from Rasmussen, in which our supreme court held that a plaintiff who had allegedly acquired AIDS as a result of a blood transfusion was not entitled to discover, in a civil action, the names and addresses of the blood banks donors. In Rasmussen the court decided that the benefit of the discovery was outweighed by society's interest in "maintaining a strong volunteer blood supply." Id. at 537-38.
Even if petitioner had a reasonable expectation of privacy, society's interest in preventing members of the public from being exposed to HIV would be a sufficient compelling state interest to justify the infringement of that right. And, the statute does accomplish its objective through the least intrusive means, since blood tests are routine, and *1167 disclosure of the results is limited to the victim and public health authorities.
We therefore hold that the statute is constitutional and deny certiorari.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] Although a hearing was not necessary, the trial court did in fact conduct one at which the victim positively identified the petitioner and confirmed that semen, a bodily fluid, had been transmitted.