PER CURIAM.
Petitioner is the defendant in the trial court. She is charged with an aggravated battery, where the victim was stabbed with a steak knife and received 50 stitches to treat her injuries. Petitioner challenges an order of the trial court requiring her to undergo HIV testing pursuant to section 960.008, Florida Statutes (1995).
In Fosman v. State, 664 So.2d 1163 (Fla. 4th DCA 1995), we held that the statutory framework under which testing is required did not contravene the Fourth Amendment. Section 960.003(2) provides that a court “shall” order HIV testing if certain prerequisites are met:
In any case in which a person has been charged by information or indictment with any offense enumerated in s. 775.0877(l)(a)-(Z), which involves the transmission of body fluids from one person to another, upon request of the victim ... the court shall order such person to undergo HIV testing.
(Emphasis supplied). The statute requires testing of a person where there has been the transmission of body fluids from that person, and the other prerequisites are met. The statutory reference to “such person” relates back to the term “person” in the phrase “which involves the transmission of body fluids from one person to another.”
Before the testing requirement is triggered, there must be some evidence in the record of the transmission of body fluids from the person to be tested. Here the only evidence on that issue, the proffered testimony of petitioner’s mother, was that there was no transmission of body fluids from the petitioner.
The writ of certiorari is granted and the trial court’s order requiring a blood test for HIV is quashed without prejudice for a hearing where the state may demonstrate that the statutory prerequisites have been met.
DELL, PARIENTE and GROSS, JJ., concur.