[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13712
Non-Argument Calendar
_____

D. C. Docket No. 05-60667-CV-JIC

WILLIAM M. ROGERS,
C. MYLETT,

Plaintiffs-Appellants,

versus

JOSEPH P. NACCHIO,
PHILLIP F. ANSCHUTZ,
DRAKE TEMPEST,
JOEL ARNOLD,
RICHARD L. WESTON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 12, 2007)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

This is a securities fraud case brought by William M. Rogers and C. Mylett. Their second amended complaint (the "complaint"), consisting of 344 pages, contains 25 counts. The complaint includes claims under the federal RICO statute, 18 U.S.C. § 1964; the Securities Act of 1934 § 10(b), 15 U.S.C. § 78j(b); the Florida RICO statute, Fla. Stat. § 772.103; the Colorado RICO statute, Colo. Rev. Stat. § 18-17-104; Colorado and Florida securities laws; and claims that the defendants aided and abetted these statutory violations. The complaint also asserts claims based on common law fraud, fraudulent inducement, fraudulent concealment, and conspiracy.

The defendants moved to dismiss the complaint (with respect to the claims asserted against them) on a variety of grounds. On June 5, 2006, the district court ruled on their motions and disposed of this case with a final judgment. Rogers and Mylett now appeal, contending that the district court erred by (1) dismissing their federal securities claims involving stock in Qwest Communications International, Inc. ("Qwest") as barred by the applicable statute of limitations or statute of repose, (2) determining that it did not have personal jurisdiction over many of the named defendants, (3) dismissing the remaining counts of the complaint under

2

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, and (4) dismissing the complaint with prejudice without allowing them an opportunity to amend. In addition, they challenge the district court's decision ordering them to pay a $500 fine, as a sanction for violating Federal Rule of Civil Procedure 11, and awarding the defendants attorney's fees.

I.

We start with appellants' first argument for reversal – that the district court erred in dismissing their federal securities law claims involving their purchase of Quest stock as time-barred. A district court's interpretation and application of the statute of limitations is reviewed de novo. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1278 (11th Cir. 2005).[1] Under 28 U.S.C. § 1658(b), "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning securities laws . . . may be brought not later than the earlier of – (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b) (emphasis added). Unlike the two-year statute of limitations which begins to run

---

[1] We address the federal securities claims first because they are brought under 15 U.S.C. § 78j, which provides for nationwide service of process. See 18 U.S.C. § 1965(d). However, such claims are "insubstantial, implausible, or otherwise completely devoid of merit," a plaintiff may not take advantage of the nationwide service of process provisions. See Republic of Panama v. BCCI Holdings (Luxemborg) S.A., 119 F.3d 935, 942 n. 9 (11th Cir. 1997).

3

after the cause of action accrues, the five-year period beginning at the time of the violation is a statute of repose meant to serve as a cutoff for a cause of action. Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (construing the statute under the previous one- and three-year structure). As such, tolling principles do not apply to the five-year statute of repose. Tello, 410 F.3d at 1279 n. 5.

Because Rogers and Mylett did not file their original complaint until April 2005, more than five years after they bought Qwest stock, the district court correctly determined that the federal securities claims were barred by the five-year statute of repose.

II.

A district court's dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is also reviewed de novo. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Determining whether the district court had personal jurisdiction involves two steps. Id. "First, we must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, then we must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth

4

Amendment." Id. (quotation marks omitted). Under Florida law, the plaintiff

bears the burden of proving personal jurisdiction. Id. at 627 ("When a defendant

raises, through affidavits, documents or testimony, a meritorious challenge to

personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by

affidavits, testimony or documents.").

The Florida long-arm statute states, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who
personally or through an agent does any of the acts enumerated in this
subsection thereby submits himself or herself and, if he or she is a
natural person, his or her personal representative to the jurisdiction of
the courts of this state for any cause of action arising from the doing
of any of the following acts:
 . . . .
(b) Committing a tortious act within this state.
 . . . .
(f) Causing injury to persons or property within this state arising out
of an act or omission by the defendant outside this state, if, at or about
the time of the injury, either:
1. The defendant was engaged in solicitation or service activities
within this state; or
2. Products, materials, or things processed, serviced, or manufactured
by the defendant anywhere were used or consumed within this state in
the ordinary course of commerce, trade, or use.
 . . . .
(2) A defendant who is engaged in substantial and not isolated activity
within this state, whether such activity is wholly interstate, intrastate,
or otherwise, is subject to the jurisdiction of the courts of this state,
whether or not the claim arises from that activity.

Fla. Stat. § 48.193. Generally, this section has been interpreted to include tortious

acts committed outside of Florida that cause injury within Florida. Posner v. Essex

5

Ins. Co., Ltd., 178 F.3d 1209, 1217 (11th Cir. 1999). However, the Florida Supreme Court has held that a defendant's actions taken within the scope of his employment as a corporate officer will not provide a basis for personal jurisdiction under the long-arm statute. Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993). With regard to § 48.193(1)(f), the court has held that economic injury, unaccompanied by physical injury or property damage, is insufficient to subject a non-resident defendant to personal jurisdiction in Florida. Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla. 1987). Finally, to establish general personal jurisdiction under § 48.193(2), the defendant's activities must be "considered collectively and show a general course of business activity in the state for pecuniary benefit." Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006).

If the plaintiff establishes a basis for jurisdiction under the Florida long-arm statute, he must also establish that the defendant has the minimum contacts with Florida necessary to satisfy due process. Sculptchair, 94 F.3d at 626. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed.2d 528 (1985). For general jurisdiction, a

6

non-resident defendant's contacts with the forum that are unrelated to the litigation must be substantial, showing continuous and systematic contacts between the defendant and the forum state. Meier v. Sun Intern. Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir. 2002). To constitute minimum contacts for purposes of specific jurisdiction, a defendant's contacts with the forum must satisfy three criteria: (1) the contacts must be related to the plaintiff's cause of action or have given rise to it; (2) the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. McGow v. McCurry, 412 F.3d 1207, 1214 (11th Cir. 2005).

Rogers and Mylett failed to identify any acts of any defendant that were directed towards the state of Florida, or show that any defendant had caused injury in Florida for purposes of § 48.193(1)(b). Next, because they did not claim to have sustained physical injury or property damage, they failed to establish jurisdiction under § 48.193(1)(f). Finally, because they failed to provide any documentation showing that any defendant had engaged in "substantial or continuous activity" in Florida, they failed to establish jurisdiction under § 48.193(2). Moreover, even if they had established a basis for jurisdiction under the Florida long-arm statute, they

7

did not provide any support for the notion that any defendant had the minimum contacts with Florida necessary to satisfy due process. Accordingly, the district court did not err in dismissing defendants from the case on the ground that it lacked jurisdiction over the person.

## III.

A dismissal for failure to state a claim under Rule 12(b)(6) is reviewed de novo, "taking the facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff." Williams v. Board of Regents of Univ. Sys. of GA, 477 F.3d 1282, 1291 (11th Cir. 2007). Dismissal is only appropriate "when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotation marks and citations omitted). "Conclusory allegations, unwarranted deduction of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1263 (11th Cir. 2004) (quotation marks omitted). Since Rogers and Mylett were proceeding pro se, we construe the complaint more liberally than we would had it been drafted by a lawyer. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

## A.

The Florida RICO statute, Fla. Stat. § 772.103, states that it is unlawful for a

person (1) to use or invest proceeds received through a pattern of criminal activity to establish or operate an enterprise, (2) to acquire or maintain an interest in or control of an enterprise through a pattern of criminal activity, (3) to conduct or participate in an enterprise through a pattern of criminal activity, or (4) to conspire to do any of the above prohibited activities. Fla. Stat. § 772.103. Because § 772.103 is patterned after the federal RICO statute, the Florida courts have looked to decisions interpreting the federal statute in interpreting § 772.103. Jackson, 372 F.3d at 1263-64.

The federal RICO statute permits "[a]ny person injured in his business or property by reason of a violation" of RICO's criminal provisions to recover treble damages and attorney's fees. 18 U.S.C. § 1964(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 751 (11th Cir. 2000). "The four elements of civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000). "Plaintiffs in such an action must identify and prove a pattern of racketeering activity, defined as two 'predicate acts' of racketeering activity within a 10-year period." Id. at 1311-12 (citing 18 U.S.C. § 1961(5)). "The phrase 'racketeering activity' is defined as any act which is indictable under a lengthy list of criminal offenses," including any act or threat involving murder, kidnaping, gambling,

9

arson, robbery, extortion, bribery, mail fraud, wire fraud, counterfeiting, etc. Id. at 1312; see also 18 U.S.C. §1961(1).

"In order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1997). A complaint that states a claim of fraud must satisfy Federal Rule of Civil Procedure 9(b), which states that "the circumstances constituting fraud or mistake shall be stated with particularity." Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Id. (quotation marks and citation omitted). Moreover, to recover on a civil RICO claim, a plaintiff must show that "he has been injured in his business or property by the conduct constituting the violation." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (emphasis added).

10

The complaint failed to allege specific facts with regard to (1) which defendant made certain statements, (2) which statements and acts constituted the predicate acts, (3) Rogers and Mylett's reliance on any of the specific statements, or (4) the manner in which Rogers and Mylett were misled by any statement. The district court therefore committed no error in holding that the complaint failed to state a claim against any defendant under the Florida RICO statute. For the same reasons, we affirm the district court's dismissal of the federal RICO counts against Graham, Hall, and Szeliga.[2]

B.

The Colorado RICO statute, Colo. Rev. Stat. § 18-17-104, states that it is unlawful for a person (1) to use or invest proceeds received through a pattern of criminal activity to establish or operate an enterprise, (2) to acquire or maintain an interest in or control of an enterprise through a pattern of criminal activity, (3) to conduct or participate in an enterprise through a pattern of criminal activity, or (4) to conspire to do any of the above prohibited activities. Colo. Rev. Stat. § 18-

---

[2] Rogers and Mylett argue that the district court erred in determining that the federal RICO claims against Graham, Hall, and Szeliga were barred by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Because the statute can be read two ways and there is no published case law directly on point, it is unclear whether the district court erred in determining that the claims were barred. Nevertheless, we may affirm the district court on any ground supported by the record. Fisherman Against Destruction of the Environment, Inc. v. Closter Farms, 300 F.3d 1294, 1296 (11th Cir. 2002). Because, as discussed above, the complaint failed to state a federal RICO claim against Graham, Hall, or Szeliga, it is unnecessary to determine whether such claims were barred by the PSLRA.

11

17-104.  A limitations period is not expressly provided for actions brought under the statute.  See Colo. Rev. Stat. § 13-80-101, et seq.  However, all actions for fraud, misrepresentation, concealment, or deceit must be brought within three years after accrual.  Colo. Rev. Stat. § 13-80-101(1)(c).  Moreover, under Colorado law, all actions "for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues.  Colo. Rev. Stat. § 13-80-102(1)(I).

Regardless of which statute of limitations applies, because Rogers and Mylett concede that the statute of limitations began to run no later than March 2002, they were required to file their claim no later than March 2005.  They did not; hence, their Colorado RICO claims were time-barred.

C.

As discussed above, a complaint that states a claim of common law fraud must satisfy Rule 9(b), which states that "the circumstances constituting fraud or mistake shall be stated with particularity."  Ziemba, 256 F.3d at 1202.  Because, as discussed above, the complaint failed to allege that Rogers and Mylett were influenced by any particular statement of any particular defendant, the district court did not err in concluding that the complaint failed to state a claim for fraud, fraudulent inducement, or fraudulent concealment.

12

D.

In Florida, "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) [d]eprive the other person of a right to the property or a benefit from the property[; or] (b) [a]ppropriate the property to his or her own use or to the use of any person not entitled to the use of the property." Fla. Stat. § 812.014. For purposes of § 812.014, "obtains or uses" includes "obtaining property by fraud, willful misrepresentation of a future act, or false promise." Fla. Stat. § 812.012(3)(c).

Rogers and Mylett bought Qwest stock on the open market. The district court correctly determined that none of the defendants obtained or used Rogers or Mylett's property. Thus, the district court did not err in dismissing the civil theft claim.

E.

Rogers and Mylett's Colorado securities claims were brought under Colo. Rev. Stat. §§ 11-51-501 and 11-51-604. In Colorado, "[a]ll actions for fraud, misrepresentation, concealment, or deceit" must be brought "within three years after the cause of action accrues." Colo. Rev. Stat. § 13-80-101(1)(c). Furthermore, "no person may sue under subsection (3) or (4) of paragraph (b) or

13

(c) of subsection (5) of [Colo. Rev. Stat. § 11-51-604] more than three years after the discovery of facts giving rise to a cause of action under subsection (3) or (4) of [§ 11-51-604] or after such discovery should have been made by the exercise of reasonable diligence and in no event more than five years after the purchase or sale, or, as those provisions pertain to investment advisers, federal covered advisers, investment adviser representatives, and persons who provide investment advisory services, more than five years after the date of the violation." Colo. Rev. Stat. § 11-51-604(8).

Because, as discussed above, Rogers and Mylett did not file their complaint until April 2005, the Colorado securities claims, like those brought under Florida law, were barred by the applicable state law provisions.

F.

To support a claim for a federal or state RICO conspiracy, a plaintiff must "allege an illegal agreement to violate a substantive provision of the RICO statute." Jackson, 372 F.3d at 1269. Thus, where a plaintiff fails to state a RICO claim and the conspiracy count does not contain additional allegations, the conspiracy claim necessarily fails. Id. Similarly, to be liable for aiding and abetting a crime, there must be an underlying crime to aid and abet. See Rudolph v. Arthur Anderson & Co., 800 F.2d 1040, 1047 n. 8 (11th Cir. 1986).

14

Since the complaint failed to state a claim on any of the underlying counts, the district court did not err by dismissing the claims of conspiracy and aiding and abetting.

IV.

We review "the denial of a motion to amend a complaint for an abuse of discretion." Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003). Leave to amend should be freely given when justice so requires. Federal Rule of Civil Procedure 15(a). Generally, a party should be given at least one opportunity to amend before the district court dismisses a complaint with prejudice. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). However, the court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id.

The district court found that (1) Rogers and Mylett had displayed bad faith and (2) amendment would have been futile. We find no error, much less an abuse of discretion, in the ruling.[3]

---

[3] With regard to Rogers and Mylett's argument that the complaint should have been dismissed without prejudice as to the defendants over whom the district court lacked personal

15

V.

Federal Rule of Civil Procedure 11 authorizes a district court to impose a sanction when a party presents a claim that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(c), (b). Furthermore, a party must certify that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). In determining whether sanctions are appropriate, a court must ask, first, "whether the parties claims are objectively frivolous," and, second, "whether the person who signed the pleadings should have been aware that they were frivolous." Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir. 2001).

Rogers and Mylett provided no support for their allegation that Kozlowski had minimum contacts with Florida and, moreover, had notice that he lacked contacts with the state. Accordingly, the district court committed no abuse of discretion in imposing the $500 fine as a Rule 11 sanction.

---

jurisdiction, the district court noted that dismissals on that ground were without prejudice. The court found, however, that, with regard to the defendants over whom it had personal jurisdiction, the Personal Jurisdiction Defendants, the claims against them were meritless. The court thus concluded that it was appropriate to dismiss the claims against those defendants with prejudice. Putting this conclusion aside, because none of the complaint's claims have merit, we affirm the district court's alternative holding with regard to the Personal Jurisdiction Defendants.

16

VI.

"An award of attorney's fees is not final until the amount is determined." Interstate Pipe Maintenance, Inc. v. FMC Corp., 775 F.2d 1495, 1497 (11th Cir. 1985). In that our jurisdiction is limited to the review of final orders, an award of attorneys fees is not appealable until the amount of the award is determined. Id. When the award becomes final, an appeal may be taken. See id.

The amount of attorneys' fees was not included in the dispositive order now before us. We therefore lack jurisdiction in this appeal to review the court's decision to award fees.

AFFIRMED, in part; DISMISSED, in part.