BILBREY, J.,
Dissenting.
Because the majority decision conflicts with established Florida and United States Supreme Court precedent, as well as past cases from this and other District Courts, misapplies the liberal amendment of pleadings requirement to what is actually a failure of proof, and incorrectly equates dismissal without ■ leave to amend to dismissal with prejudice, I respectfully dissent.
I. CONTESTING PERSONAL JURISDICTION
There is a two-part test to establish personal jurisdiction. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). First, a defendant must undertake “some act by which [the defendant] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). “The first step involves determining whether the forum state’s long-arm statute provides a basis for jurisdiction.” Lockard v. Equifax, Inc., 163 F.3d 1259, 1265 (11th Cir.1998).. Personal jurisdiction under the Florida long-arm statute can be based on either specific acts subjecting a defendant to Florida jurisdiction or based more generally on a defendant engaging in “substantial and not isolated activity within this state.” § 48.193, Fla. Stat.; Garris v. Thomasville-Thomas County Humane Society, Inc., 941 So.2d 540 (Fla. 1st DCA 2006); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Second is a determination of whether a forum state’s exercise of person jurisdiction over a defendant complies with “traditional-notions of fair play and substantial justice” as required by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. International Shoe, 326 U.S. at 316, 66 S.Ct. 154; see also Burger King Corp., 471 U.S. at 476, 105 S.Ct. 2174.
*899 The Florida Supreme Court set out the procedure for a defendant to contest personal jurisdiction in Florida in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla,1989). This procedure has been consistently followed and applied since. Prior to filing an answer to the complaint, a defendant must file a motion to dismiss based on lack of personal jurisdiction. If personal jurisdiction, is not challenged before making a general appearance, it is waived. Fla. R. Civ. P. 1.140(b).
By itself, the motion to dismiss constitutes a challenge to the legal sufficiency of the pleadings. Venetian Salami, 554 So.2d at 502 citing Elmex Corp. v. Atlantic Fed. Savings & Loan Ass’n of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976); Golf Car Systems- Pennsylvania, Inc. v. Golf Car Systems, Inc., 470 So.2d 79, 80 (Fla. 2d DCA 1985) (“Appellants’ unsupported motion simply accepted as true all jurisdictional facts ’properly pleaded in the complaint and asserted that they were nevertheless legally insufficient to invoke the long-arm statute.”). However, when a defendant wants to go beyond merely challenging the legal sufficiency of the allegations in the pleading and seeks to contest the underlying facts supporting the jurisdictional allegations of the complaint, a defendant must present evidence to refute the allegations and set forth why personal jurisdiction is lacking.[1] Venetian Salami, 554 So.2d at 502. The burden then shifts to the plaintiff assérting personal jurisdiction to “prove by affidavit”'sthe basis for personal jurisdiction. Id. Typically, the affidavits can' be “harmonized” and the trial court makes a legal determination whether personal jurisdiction exists under the facts. Id. at 503. If the affidavits are in dispute, a limited evidentiary hearing is conducted on the issue of personal jurisdiction to resolve the disputed facts. Id.
A. CDI’s Affidavit and Intego’s “Declarations”
Here, CDI filed a motion to dismiss pursuant to Venetian Salami. CDI also filed an affidavit which disclaimed any grounds for asserting personal jurisdiction based on the specific acts involving its agreement with Intego or based on any claim of general jurisdiction. CDI’s affidavit stated that it was made under penalty of perjury and was notarized pursuant to California law by a California notary public.
In response, Intego filed two documents entitled “Declarations.” These documents were not notarized, were not made under penalty of perjury, and were hot even averred to be “true and correct.” See §§ 92.50 and 92.525, Fla. Stat. (setting forth how oaths and affidavits are made in Florida, in other states, and in foreign countries, and how documents are verified). In short, the two Declarations filed by Intego were nullities and of no probative value. The trial court correctly declined to consider these unsworn Declarations. Arnold v. Arnold, 889 So.2d 215, 216 (Fla. 2d DCA 2004) (“Unsworn statements cannot serve as the basis for a trial court’s factual determinations.”). The procedures to be followed post -Venetian Salami are well-established and Intego’s counsel should have known what was required to support the allegations of personal jurisdiction once CDI filed its affidavit,[2] Inte- *900 go' never provided sworn facts to rebut the sworn factual assertions of CDI and therefore failed to meet its burden to prove personal-jurisdiction over CDI. See Rollet v. de Bizemont, 159 So.3d 351, 356 (Fla. 3d DCA 2015) (“[Plaintiffs] failure to file an affidavit or other evidence to rebut [defendant’s] affidavit, filed in support of his motion to dismiss, required dismissal of the complaint.”); Rensin v. Office of Attorney General, Dep’t of Legal Affairs, 18 So.3d 572 (Fla. 1st DCA 2009).
B. Whether the Trial Judge Should Have Allowed Intego
a Second Opportunity to File Actual Affidavits
As stated above, Intego had the opportunity under well-established legal procedure to file evidence to prove the alleged personal jurisdiction. It failed to do so. The majority opinion finds error in the trial court’s denial of leave to amend to cure the purported technical deficiencies in Intego’s Declarations. However, Intego never raised the issue of “technical deficiencies” in its initial brief, so the issue was waived and we should not address it. See Hoskins v. State, 75 So.3d 250 (Fla.2011) (issues not raised in an initial brief are abandoned); Land v. Fla. Dep’t of Corrs., 181 So.3d 1252 (Fla. 1st DCA 2015).
■ More importantly, the problem with In-tego’s Declarations was not a mere technical defect. In all of the relevant cases cited by the majority, the trial courts were presented with actual affidavits but some statement or evidence in the affidavit was lacking. See Stephens v. Dichtenmueller, 216 So.2d 448 (Fla.1968) (competency to offer expert opinion and vagueness); Roll v. Talcott, 191 So.2d 40 (Fla.1966) (possible failure to specify the negligent acts or standards of care breached); United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc., 43 So.3d 127 (Fla. 3d DCA 2010) (proper foundation for admission of business records under hearsay exception).[3] In contrast to these cases where there was a technical deficiency with the affidavit, here there was no evidence offered at the hearing in support of Intego’s position. Just as appellate courts “do not generally provide parties with an opportunity to retry their case upon a failure of proof,” the busy trial courts of Florida should not be forced to offer a party multiple opportunities to carry the party’s burden of proof when the party fails to present any evidence at the first hearing. See Philips v. Nationstar Mortg., LLC, 189 So.3d 944, 945 (Fla. 5th DCA 2016); Burdeshaw v. Bank of New York Mellon, 148 So.3d 819, 826 (Fla. 1st DCA 2014); Wolkoff v. American Home Mortg. Servicing, Inc., 153 So.3d 280, 283 (Fla. 2d DCA 2014). Additionally, non-resident defendants should not be repeatedly haled into Florida courts because resident plaintiffs failed to support their allegations of personal jurisdiction by following the well-established requirements for proof under Venetian Salami.
II. ALLEGATIONS IN THE COMPLAINT, CDI’S AFFIDAVIT, AND THE INTERNATIONAL SHOE TEST
The issues remaining then are whether Intego stated a basis for personal jurisdic *901 tion in its complaint, if so whether'the CDI affidavit refuted the claims of personal jurisdiction, and if so whether the trial court should have allowed an' amendment of the complaint after determining that personal jurisdiction was lacking.
A. Personal Jurisdiction Allegations in the Complaint
In paragraph 4 of the complaint, Intego alleged: ■, ■ ■
4. Defendant [CDI] pursued business in Florida, traveled to Florida to procure the business, ■ and • voluntarily agreed to Florida as its choice of law in an Engineering Services Agreement entered into on January 24, 2014 with [Intego] (“the Agreement”), a true and accurate copy of which is attached as Exhibit A..
Taking the allegations in a light most favorable to Intego, the complaint arguably alleged that CDI met the specific act requirement of section 48.193(l)(a)l, Florida Statutes, by engaging in business in the State. It is clear that the complaint did not allege that CDI was subject to general Florida jurisdiction under ■ section 48.193(2). Pursuing business or traveling to Florida without specifying the number of occasions would be insufficient to show “substantial and not isolated activity.” See Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087 (Fla. 3d DCA 1988).[4] Had CDI moved to dismiss the complaint without filing an affidavit that would conclude the analysis and Intego could proceed with the suit.
B. CDFs Affidavit
However, because CDI did file an affidavit it is necessary to examine whether it refutes the allegations in the complaint that CDI engaged in specific acts in Flori- ■ da subjecting CDI to personal jurisdiction. I believe the affidavit does so. CDFs affidavit states that CDI does not and had not “Married on any business in Florida” or “breached any contracts or agreements in Florida.” The CDI affidavit further states that the transaction commenced in California and that the contract “was made in California, entered into in California, to be performed in California.” It also states that CDI made two trips ’ to Florida to meet with Intego employees, but performed no services in Florida during those meetings. The CDI affidavit states that Intego represented that it was qualified to do business in California, is registered in and does business in California, and that “Intego contacted CDI representing that it was doing business from an office located” in California. The CDI affidavit alleged that Intego was selling its products in California.
The uncontested allegations in CDFs affidavit are that the contract originated in California when Intego, purporting to be a California company, contacted CDI. The confidentiality agreement signed by parties at the inception of. their relationship noted that Intego (known by its d/b/a Critical Alert) was organized under the laws of the State of Delaware and had an office in Santa Monica, California. The CDI affidavit also states: ,
Virtually all of the evidence related to performance of the Contract in California is located in California, all of the witnesses to the performance of the Contract (and its alleged breach) are located in California and virtually all of the documents-related to performance of the Contract are located in California.
[[Image here]]
*902 I believe in good faith that CDI will be substantially prejudiced in defense of this action if DCI is forced to defend in Florida, including that.it will suffer difficulty in great expense in (a) obtaining testimony or appearance at trial of CDI witnesses; (b) obtaining testimony and documents related to performance of the alleged Contract in California; (C) difficulty compelling production of documentary evidence and testimony in Florida; and (D) suffer prejudicial expense and travel to Florida for appearance in defense of this case.
C. The International Shoe Test
CDI’s affidavit is the only evidence that the trial judge was provided when she determined that that CDI was not subject to personal jurisdiction in Florida. The various facts that the majority raises from Intego’s unsworn Declarations were not properly before the trial judge and therefore appropriately not considered under Venetian Salami and its progeny published since 1989. “If no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant’s motion to dismiss.” Horowitz v. Rose Printing Co., 664 So.2d 325, 327 (Fla. 1st DCA 1995) citing Tobacco Merchants Ass’n of U.S. v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995). Had Inte-go filed any proof in a valid affidavit, we might have a more difficult decision as to whether sufficient contacts had occurred to establish personal jurisdiction over CDI, but it did not.
The majority opinion mentions that CDI’s affidavit does not refute Intego’s claim that CDI was pursuing business in Florida or traveling to Florida to secure a contract. However, neither of these specific acts would subject Intego to specific jurisdiction under section 48.193(l)(a) and neither of these specific acts would be sufficient to allege general jurisdiction under section 48.193(2). Price v. Point Marine, Inc., 610 So.2d 1339 (Fla. 1st DCA 1992); Ranger, The trial .court properly found specific jurisdiction was lacking under the first prong of the International Shoe test.
Furthermore, even if the requirements of the Florida long-arm statute were met subjecting CDI to specific jurisdiction, I believe the assertion of personal jurisdiction hei’e would violate Due Process by offending the “traditional notions of fair play and substantial justice.” International Shoe, 326 U.S. at 316, 66 S.Ct. 154. “The mere proof of any one of the several circumstances enumerated in -section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy. the due process requirement of minimum contacts.” Venetian Salami, 554 So.2d at 502. .It is not fair or reasonable to force CDI to defend the suit in Florida. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Florida has no interest involved in adjudicating the dispute, other than Intego doing business here. Id. “[M]ere injury to a forum resident is not a sufficient connection to the forum.” Walden v. Fiore, — U.S. -, 134 S.Ct. 1115, 1125, 188 L.Ed.2d 12 (2014) citing Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The unrefuted facts set forth by CDI in its affidavit show that' it offends Due Process to hale it into a Florida court based on the business dealings between CDI and Intego in California.
III. WHETHER INTEGO SHOULD HAVE BEEN GRANTED LEAVE TO AMEND THE COMPLAINT
The final consideration is whether, after having considered the evidence before her and having properly granted the motion to *903 dismiss for lack of personal jurisdiction, the experienced trial judge was required to grant Intego’s request to amend the complaint. It needs, to be emphasized .that although the majority opinion says that Intego’s complaint was dismissed with prejudice, in fact prejudice was not addressed, and the case was dismissed without leave to amend. There is an important distinction between dismissal with prejudice and.dismissal without.leave to amend,. I recognize that the general rule when dealing with a pleading issue, is that dismissal should be,without prejudice if it is possible to state a cause of action and amendments should be liberally granted. But the order dismissed the complaint “without leave to amend” and specified that the trial court was not determining “whether jurisdiction would be proper in a different jurisdiction.” Intego was free to file in California or anywhere else it could obtain personal jurisdiction over CDI. See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1221 (11th Cir.1999) (dismissal due to lack of personal jurisdiction was not an adjudication on the merits, but did act as res judicata to prevent further litigation' in Florida).
Furthermore, this was not a dismissal for failure to state a cause of action. Rule 1.140(b), Florida Rules of Civil Procedure, distinguishes between motions to dismiss based on lack of personal jurisdiction and motions to dismiss based on failure to state a cause of action. A motion to dismiss fqr failure to state a cause of action admits the allegations as true and involves consideration of an issue of law dependent only on the four corners of the complaint. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732 (Fla.2002). The personal jurisdiction proceeding required by Venetian Salami goes beyond just pleading. If'is an evidentiary process more akin to a trial or at least a summary judgment proceeding. At trial if the plaintiff fails.to carry its burden of. going forward or burden of persuasion, it loses. A party does not get a chance, to try the .case again. At summary judgment if one side presents affidavits that there is no contested issue of material fact, and-the other side does not rebut the affidavits, the movant wins. The non-moving party does not get a second opportunity to prove that there are facts in dispute. "The same process should apply here. See Philips, 189 So.3d at 945; Burdeshaw, 148 So.3d at 826; Wolkoff, 153 So.3d at 283.
Intego’s problem was not a pleading defect, but a failure of proof. Our court and others have not always' been clear as to what a trial court should do when granting a motion to dismiss based on lack .of personal jurisdiction. Like the majority, many cases do not recognize the important distinction between dismissal with prejudice and dismissal without leave to amend. Many cases conclude without even discussing prejudice or leave to amend. See Horowitz; Rollet; Rensin, WH Smith, PLC. v. Benages & Assocs., Inc., 51 So.3d 577 (Fla. 3d DCA 2010). Some cases direct dismissal without prejudice but without disbussing whether the plaintiff can amend or can only refile in an appropriate forum. ‘ See Telesur v. DOT (SR), Inc., 100 So.3d 1232 (Fla. 2d DCA 2012); PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802 (11th Cir.2010). But my belief that we should 'affirm' the dismissal'without prejudice for Intego to refile in an appropriate foruiñ'is consistent with what other courts have done. See Cornerstone Inv. Funding, LLC. v. Painted Post Grp., Inc., 188 So.3d 904 (Fla. 4th DCA 2016) (reversing denial of motion to dismiss without prejudice to refiling in an appropriate forum); Camp Illahee Investors, Inc. v. Blackman, 870 So.2d 80 (Fla. 2d DCA 2003) (directing trial court to dismiss claim without prejudice to refiling in *904 appropriate jurisdiction); Suffolk Federal Credit Union v. Continental Ins. Co., 664 So.2d 1163 (Fla. 3d DCA 1995) (directing trial court to dismiss claim without- prejudice to refiling in appropriate state); Posner, 178 F.3d at 1214, n. 6 (“A court without personal jurisdiction is powerless to take further action.”).
There are decisions to the contrary, but the opinions do not analyze the pleading versus proof issue. Additionally, they do not seem to recognize that a dismissal for lack of personal jurisdiction is not an adjudication on the merits and the plaintiff is free to file in an appropriate forum. In World Class Yachts, Inc. v. Murphy, 731 So.2d 798 (Fla. 4th DCA 1999), the court conflated amendment and dismissal with prejudice. There the court reversed a dismissal with prejudice stating, “A trial court should not deny a party- leave to amend a complaint unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.” [5] Id. at 800. The trial court in that case had considered affidavits from both parties. Id. at 799.
The Fourth District Court of Appeal has cited World Class Yachts on other occasions with no additional discussion. See Henderson v. Elias, 56 So.3d 86 (Fla. 4th DCA 2011) (reversing with leave to amend where only the sufficiency of the pleadings was challenged); Russo v. Fink, 87 So.3d 815 (Fla. 4th DCA 2012) (affirming with leave to amend where both parties submitted affidavits). Thereafter,, the Fourth District arguably created intra-district conflict with its recent decision in Cornerstone Inv. Funding, LLC. which, correctly I believe, noted that the dismissal without prejudice was with leave to refile in an appropriate forum.
The Third District has also addressed the issue subsequent to Suffolk Federal Credit Union, also I respectfully submit, failing to distinguish between denial of leave to amend and dismissal with prejudice. In Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., Inc., 917 So.2d 964 (Fla. 3d DCA 2005), the court reversed the dismissal for lack of personal jurisdiction. The court noted in dicta that even if the trial court had beeri correct to dismiss the complaint, the dismissal should have been without prejudice and the plaintiff should have had leave to amend. Id. at 968. In my view this is only half right.
Finally, several federal courts have denied leave to amend after finding a lack of personal jurisdiction because amendment would be futile. See Spiegel v. Schulmann, 604 F.3d 72, 78 (2d Cir.2010) (affirming order denying leave to amend where amendment would be futile; plaintiff failed to demonstrate personal jurisdiction over defendant); National Gen. Ins. Co. v. Road Side Assistance, 2008 WL 1913279 (E.D.Ark.2008). Federal courts have recognized the distinction between dismissing an action with prejudice and dismissing an action -without leave to amend. See Smith v. U.S., 554 Fed.Appx. 30 (2d Cir.2013); Hollander v. Sandoz Pharm. Corp., 289 F.3d 1193 (10th Cir.2002); Posner, 178 F.3d at 1221; Walker v. THI of New Mexico at Hobbs Center, 801 F.Supp.2d 1128, 1141 (D.N.M.2011) (“Dismissing the case for lack of personal jurisdiction, therefore, acts as re judicata in courts subject to the same jurisdiction limits, but does not preclude litigation of the merits in a court with jurisdiction.”); Rogers v. Nacchio, 2006 WL 7997562 (S.D.Fla.2006), aff'd in part, appeal dismissed in part, 241 Fed.Appx. 602 (11th Cir.2007).
*905 IV. CONCLUSION
Therefore, as set forth above I would affirm the trial judge’s dismissal of the complaint for lack of personal jurisdiction without leave to amend but with leave for Intego to file in California or any other forum where it may obtain personal jurisdiction over CDI. I also note that the trial court did not address CDI’s alternative argument for dismissal based on forum non conveniens. I therefore see no reason that CDI cannot seek a ruling from the trial court on that motion on remand.

. If we were only dealing with the legal sufficiency of Intego’s complaint, I agree that the requirement of liberally granting amendments ' tó pleadings would come into play if the complaint was found to be lacking- sufficient allegations to establish personal jurisdiction. ■

. Even if Iritego’s counsel did not know of the Venetian Salami requirements for contesting and proving personal jurisdiction before CDI filed its motion to dismiss, counsel .should have known once the motion to dismiss was *900 filed because the Venetian Salami case was featured prominently in the motion.

. Bower v. C.J. Timm Inv. Co., 630 So.2d 678 (Fla. 2d DCA 1994), cited in the majority opinion dealt with the waiver by trial counsel to a defective notary jurat and stipulation to allowing an amended affidavit to be filed. Bower is distinguishable in that there was an attempt to file a proper affidavit for the hearing and more importantly, the deficiencies were waived by the opposing party. Here Intego did not try to file any actually sworn evidence in its Declarations and CDI did not agree to allow a proper filing.

. The majority opinion recognizes only that specific jurisdiction over CDI is present and does not argue that there is general jurisdiction over CDI.

. Even if this test applied here, I would find prejudice to CDI in having to continue to defend an action in a state in which it has no connection.