559 So.2d 1230 (1990)
NAVIERA MAYACA EXPRESS S. De R.L., a Honduran Corporation d/b/a Mayaca Lines, Appellant,
v.
BRAUER & ASSOCIATES, INC., Appellee.
No. 87-1360.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Rehearing Denied May 18, 1990.
Waks & Barnett and Andrew Waks, Miami, for appellant.
Kelley Drye & Warren and Henry H. Bolz, III, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the plaintiff Naviera Mayaca Express S. de R.L., a Honduran corporation d/b/a Mayaca Lines ["Naviera"], from a non-final order dismissing its lawsuit for negligent procurement of an insurance policy against the defendant Brauer & Associates, Inc. [Brauer], an Ohio corporation, for lack of personal jurisdiction over the said defendant. We reverse.
The record reveals that the defendant Brauer is an insurance broker with a longstanding business relationship with the co-plaintiff [Teeters Brothers Contracting Company] in Florida. The defendant Brauer has secured insurance over a period of years for a vessel owned by the plaintiff Naviera and operated from the port of Palm Beach, Florida; the co-plaintiff Teeters Brothers was the named insured on this policy. In connection therewith, the defendant Brauer has had extensive business correspondence with Teeters Brothers in Florida in connection with the procurement of the insurance and servicing of the account, including on one occasion Brauer's *1231 sending a representative to Florida to discuss and obtain a renewal insurance policy on the subject vessel. We conclude that (1) these activities by the defendant Brauer constitute conducting or engaging in a business venture in Florida sufficient to invoke Florida's long-arm jurisdiction over the defendant Brauer pursuant to Section 48.193(1)(a), Florida Statutes (1987), and (2) the defendant Brauer has had sufficient minimum contacts in Florida to satisfy due process requirements. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Lacy v. Force V Corp., 403 So.2d 1050, 1054 (Fla. 1st DCA 1981).
The final order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.