RYDER, Acting Chief Judge.
David A. Bower seeks review of the denial of his motion to dismiss for lack of personal jurisdiction. We reverse because the alleged minimum contacts with the forum state were insufficient to satisfy minimum standards of due process.
C.J. Timm Investment Co. (“Timm”) filed a complaint alleging securities violations against Global Productions, Inc., Paragon Capital Corporation, and several officers, directors and shareholders, including David A. Bower. Timm’s complaint asserted, among other things, that Global had made various false representations in the course of soliciting an investment contribution from Timm.
The complaint alleged that defendants sold Timm three units in an undivided joint venture in the Taylor Well. The securities were not exempt nor were they sold in an exempt transaction under the Florida Securities Act. The security was not registered with the Department of Banking and Finance. A page from the prospectus attached to the complaint stated that Bower was a director and officer of Global and was part of the management team with extensive experience that created the project. The complaint also alleged that the defendants engaged in a business venture in this state by selling securities to Timm in Sarasota County, Florida. Mr. Harris, another defendant, solicited Mr. Timm from Texas by telephone and mail. Defendants allegedly represented that all drilling permits for the Taylor Well had been obtained, that the well would be drilled and completed in June 1991 and that Timm’s investment would be escrowed in the bank until the well was drilled. Instead, the funds were allegedly used to purchase another well which Paragon transferred to Aruba Petroleum Company, Ltd., a company substantially controlled by Bower.
In response, Bower filed a motion to dismiss for lack of personal jurisdiction. In support of the motion, Bower filed an affidavit which stated that he was a resident of Texas, that he had never personally conducted business in the state of Florida and that he had never transacted business for his own benefit in the state of Florida. Further, Bower denied engaging in any activities within the applicable sections of the long-arm statute. In response, plaintiff filed Mr. Timm’s affidavit that stated Bower participated in the preparation of the prospectus, reviewed the corporate records on a daily basis, was a signatory on the corporate account and caused plaintiffs interest in the security offered to be transferred.
Although Bower denied some allegations of the complaint, he asserted that other key allegations were not undertaken in his individual capacity. For example, Bower denied in his affidavit that he supervised, contributed to and paid for the prospectus in his individual capacity. Similarly, he denied that his alleged control over Global and Paragon’s bank accounts was in his individual capacity.
Bower raises three issues in his appeal. He first contends that the trial court erroneously applied the long-arm statute. Section 48.193, Florida Statutes (1993), provides in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby sub *680 mits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
. (f) Causing injury to persons or property within the state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury
1. The defendant was engaged in solicitation or service activities within this state....
“In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined whether the [defendant’s] conduct brings it within the language of the long-arm statute. Then it must be determined whether sufficient minimum contacts are demonstrated to satisfy due process requirements.” Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).
Bower argues that the existence of injury in Florida standing alone is insufficient to establish jurisdiction under the long-arm statute; in order to establish personal jurisdiction, part of the defendant’s tortious conduct must occur in the forum state. Thompson v. Doe, 596 So.2d 1178 (Fla. 5th DCA 1992), approved, 620 So.2d 1004 (Fla.1993). He asserts that no facts reveal that he has taken an action in the state of Florida. Timm’s affidavit does not allege that Bower took any action other than in his corporate capacity.
Appellee argues that Bower’s failure to register as an issuer, dealer or promoter under chapter 517, Florida Statutes, provides sufficient contacts with the sales venture in Florida to afford jurisdiction over him in this state. The statutory requirements and remedies, in and of themselves, however, cannot satisfy the due process requirement of minimum contacts.
The court is not satisfied that the contacts established here satisfy traditional notions of fair play and substantial justice. “[Ujnless the agents transact business on their own account and not on behalf of the corporation, the agents are not engaged in business so as to sustain application of the long-arm statute to them as individuals.” Bloom v. A.H. Pond Co., 519 F.Supp. 1162, 1170 (S.D.Fla.1981); accord, Doe v. Thompson, 620 So.2d 1004 (Fla.1998); Kennedy v. Reed, 533 So.2d 1200 (Fla. 2d DCA 1988).
Appellant’s second issue raised a purported defect in the jurat of Mr. Timm’s affidavit. Bower’s counsel first argued that the court could not consider the unsworn affidavit, then, as the judge began to consider the motion, he stated that “[w]e won’t worry about that, Your Honor. He can submit one.” The judge agreed. The issue was not again raised during the hearing. A supplemental affidavit was provided correcting the purported defect. The court concludes that the error, if any, was waived.
The last issue concerns Bower’s argument that the trial court should have stricken certain statements made in Mr. Timm’s affidavit of which he lacked personal knowledge. An affidavit must set forth the basis for personal knowledge where the affiant would not normally possess the knowledge. Carter v. Cessna Finance Corp., 498 So.2d 1319 (Fla. 4th DCA 1986). Because this court concludes that the minimum contacts were insufficient, we need not decide this issue.
Accordingly, we reverse and remand to the trial court to grant the motion to dismiss as to Bower.
PATTERSON and ALTENBERND, JJ., concur.