13-292-cv
Smith v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:   ROBERT D. SACK,
           GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

_____

KEVIN ERIC SMITH,

       *Plaintiff-Appellant*,

     v.                                                     No. 13-292-cv

UNITED STATES OF AMERICA, *et al.*,

       *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Kevin Eric Smith, *pro se*, Manchester, New Hampshire. |
| **FOR DEFENDANTS-APPELLEES:** | Paula Ryan Conan, United States Attorney's Office, Syracuse, New York; Robert Joseph Dietel, Gallagher, Callahan & Gartrell, P.C., Concord, New Hampshire; Jonathan D. Hitsous, Denise Ann Hartman, New York State Office of the Attorney General, Albany, New York; Michael A. Cardozo, New York City Law Department, New York, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED and REMANDED**.

Kevin Eric Smith, plaintiff-appellant *pro se*, seeks review of a district court decision dismissing with prejudice his complaint alleging, *inter alia*, various tort, breach of contract, and 42 U.S.C. § 1983 claims against an array of federal, state, and private entities. The district court dismissed Smith's claims against New York State and the New York Attorney General ("New York defendants") with prejudice under Fed. R. Civ. P. 12(b)(6) on sovereign immunity grounds, his claims against the City of Concord, New Hampshire, and the Concord New Hampshire Police Department ("New Hampshire defendants") with prejudice for lack of personal jurisdiction, and his claims against other defendants without prejudice for failure of service. The district court also affirmed the decision of the magistrate judge to deny Smith an extension of time to serve process to the remaining defendants beyond the 60-day time limit required by the court's local rules. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Smith's complaint (and other documents he has submitted to the district and appellate courts in the subsequent litigation) consists of a "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), it would not have been inappropriate for the district court to dismiss it for failing to contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, in light of the liberal construction traditionally afforded the complaints of *pro se* plaintiffs, the district court

2

commendably undertook the difficult effort to understand the claims being made in the complaint and addressed them on their merits.

We review *de novo* dismissals under Rule 12(b)(6), Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002), and for lack of personal jurisdiction, Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996), assuming as true the statements in the complaint and drawing all reasonable inferences in the plaintiff's favor. We review for abuse of discretion the dismissal for untimely service of process, see Zapata v. City of N. Y., 502 F.3d 192, 195 (2d Cir. 2007),[1] and the denial of leave to amend the complaint, Foman v. Davis, 371 U.S. 178, 182 (1962).

The claims against the New York defendants were properly dismissed on grounds of the sovereign immunity established by the Eleventh Amendment. As Smith alleged no facts in the claims against the New Hampshire defendants that indicate a connection with the state of New York, dismissal for lack of personal jurisdiction was appropriate. Because these flaws in Smith's complaint, even liberally read, are fatal substantive defects that could not be cured by further pleading, the district court did not abuse its discretion in denying leave to amend.[2] See Cuoco v.

[1] Zapata concerned a dismissal under Fed. R. Civ. P. 4(m), Zapata, 502 F.3d at 195, but the same principle would apply by analogy to dismissals pursuant to local rules regarding expedited service of process. Cf. LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (affording "considerable deference" to a district court's application of local rules, and reviewing such application for abuse of discretion).

[2] The district court ordered that Smith's claims against the New Hampshire defendants be dismissed "with prejudice." However, a dismissal for want of personal jurisdiction is without prejudice. See generally Elfenbein v. Gulf & Western Indus., Inc., 590 F.2d 445, 449 (2d Cir. 1978) (observing that whether a dismissal is with or without prejudice refers to the "Res judicata effect of a dismissal," a question distinct from whether leave to amend should be granted). Thus, while the district court appropriately concluded that Smith's claims against the New Hampshire defendants should be dismissed without leave to amend because repleading in the Northern District of New York could not cure the jurisdictional defect, the dismissal does not preclude renewing those claims in a jurisdiction in which personal jurisdiction over the defendants can be obtained. Accordingly, the judgment below should be modified in this regard.

3

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied."). Nor did the district court abuse its discretion in dismissing the charges against the remaining defendants for Smith's failure to serve them, and affirming the magistrate judge's denial of his request for an extension of time to do so, as he presented no reasonable justification for his request. See Zapata, 502 F.3d at 193 (finding no abuse of discretion in denial of extension of time to serve process where plaintiff "advanced no colorable excuse whatsoever for his neglect."). Finally, we reject as meritless Smith's accusations of bias on the part of the district court judge and magistrate judge, for which he provides no factual support beyond adverse rulings on the merits of the case. See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("[A]lleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits other than what the judge learned from his participation in the case.").

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, except to the extent that the matter is **REMANDED** to the district court with instructions to modify the judgment to reflect that the dismissal as to the New Hampshire defendants is without prejudice to renew in a jurisdiction where personal jurisdiction over the defendants could be obtained.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

4