IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

INTEGO SOFTWARE, LLC
d/b/a CRITICAL ALERT,

     Appellant,

v.

CONCEPT DEVELOPMENT,
INC.,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4082

Opinion filed July 25, 2016.

An appeal from the Circuit Court for Duval County.
Karen K. Cole, Judge.

Kirsten L. Doolittle, Jacksonville, for Appellant.

Donald A. Mihokovich and Andrew McBride of Adams and Reese LLP, Tampa,
for Appellee.

KELSEY, J.

Appellant, Plaintiff below, challenges the trial court's order dismissing with prejudice its breach of contract complaint against Appellee, Defendant, for lack of personal jurisdiction. We conclude that the uncontroverted jurisdictional

allegations of Plaintiff's complaint were sufficient to establish personal jurisdiction over Defendant, and the trial court abused its discretion in refusing to allow Plaintiff to amend its complaint or its declarations in opposition to dismissal. Accordingly, we reverse.

**<u>Jurisdictional Allegations.</u>**

Plaintiff's complaint alleged that Plaintiff is a Florida corporation with a place of business in Jacksonville, Florida. The complaint alleged that Defendant, a California company, pursued business in Florida through numerous communications in writing and over the phone, and by its representatives' traveling to Florida to procure the business. The complaint alleged that the parties entered, and Defendant committed acts constituting a breach of, a written agreement for Defendant to engineer and construct water-resistant, two-way-communication nurse call devices for use in hospitals.

The parties' agreement was an exhibit to the complaint and thus part of the complaint for all purposes. Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading shall be considered a part thereof for all purposes."). The parties' agreement required that all notices to Plaintiff must be made at Plaintiff's Jacksonville, Florida address. Under the agreement, Defendant was required to provide deliverables to Plaintiff in Florida—initially prototypes, and ultimately

finished, marketable products. Upon termination of the contract, Defendant was required to deliver to Plaintiff in Florida all records, documentation, plans, tools, and equipment relating to Plaintiff's business and the work performed under the agreement.

The complaint alleged that, although the agreement contemplated Defendant would deliver final products compliant with Plaintiff's specifications within 16 weeks, and Plaintiff paid Defendant $110,000, over a year passed without delivery of satisfactory marketable products. The complaint alleged that the deliverables Defendant provided to Plaintiff failed to comply with the agreement. When Plaintiff's attempts to discuss the problems failed, Plaintiff gave notice of termination and demanded a refund of its payments, ultimately filing suit seeking damages for lost profits, delays in marketing its product, injury to its reputation, and lost revenues.

**Defendant's Challenge To The Jurisdictional Allegations.**

Before answering the complaint, Defendant moved to dismiss it for lack of personal jurisdiction or, alternatively, forum non conveniens. Defendant denied engaging in business in Florida and denied that the contract was to be performed in Florida. Defendant asserted that it "only made two trips to Florida to meet with

3

Plaintiff's employees but performed no services in Florida at those meetings." Defendant did not deny the other jurisdictional allegations of the complaint.

In support of its motion to dismiss, Defendant filed the sworn affidavit of its Chief Executive Officer, denying Defendant had done any of the following in Florida:

> With respect to Florida, [Defendant] does not and has not:
>
> a. Owned any real or personal property in Florida;
> b. Have an office or designated agent in Florida;
> c. Have a Florida bank account;
> d. Have a Florida property tax listing;
> e. Registered to do business in Florida;
> f. Have any employees in the state of Florida;
> g. Carried on any business in Florida;
> h. Earned any income performing services in the state of Florida;
> i. Committed any tortious action in the state of Florida;
> j. Agreed to be subject to the jurisdiction of the state of Florida or consented to venue in Florida;
> k. Breached any contracts or agreements in Florida.

**Plaintiff's Response Supporting Jurisdiction.**

Plaintiff filed a response to Defendant's motion to dismiss, arguing that the uncontroverted jurisdictional allegations of the complaint were sufficient to establish jurisdiction and if they were not, the declarations of Plaintiff's president and its hardware engineer added facts supporting the exercise of jurisdiction. Neither of Plaintiff's two "declarations" was sworn or notarized.

In the first declaration, Plaintiff's president confirmed that Defendant's representatives traveled to Jacksonville, Florida, twice to negotiate the agreement and its terms, including deadline, schedule for deliverables, and cost. After one meeting, Defendant's president informed Plaintiff's president that he (Defendant's president) was meeting with another potential customer in the Jacksonville area. Thereafter, through multiple telephone conferences, Defendant's representatives solicited Plaintiff to expand the parties' contractual relationship to encompass additional work over a longer term. Defendant and its agents were in "constant communication . . . via telephone, e-mail, telefax, and regular mail," including "well over 100 e-mail communications and scores of phone calls to [Plaintiff's] employees in Florida concerning the device." Defendant delivered to Plaintiff in Jacksonville, Florida, a list of technical requirements, a 3-D mechanical model, a plastic model of the circuit boards, and a call unit for testing. Plaintiff's president stated that the parties' agreement was negotiated in Plaintiff's Florida office and that he signed it in his Florida office. He asserted that the breach occurred in Florida "by virtue of Defendant's tender of totally defective deliverables to my Florida office."

The second declaration filed with Plaintiff's response to Defendant's motion to dismiss was that of Plaintiff's hardware engineer. He repeated that Defendant and its agents were in constant communication with Plaintiff's employees during

the entire 12-month course of performance under the agreement, and mostly with him as the employee most knowledgeable about the technical requirements of the project. He quantified the communications as encompassing well over 100 e-mail communications regarding the call device, many dealing with the engineer's belief that the design of the unit was flawed; and he maintained there were scores of phone calls. He also stated that Defendant delivered to Plaintiff's Jacksonville, Florida office "a list of the technical requirements, the 3D mechanical model, a plastic model of the circuit boards, as well as a unit for testing, all of which were defective in one way or another."

## The Hearing And The Dismissal With Prejudice.

At the very brief hearing on Defendant's motion to dismiss, the trial judge noted that she had not received Plaintiff's response or declarations. The docket reflects that they had been filed with the clerk and served on opposing counsel a week before the hearing. Plaintiff's counsel stated that she had e-mailed the judge's assistant to arrange direct delivery of a copy of the papers but did not hear back from the assistant. The judge acknowledged that there had been problems with e-mail delivery to her assistant and suggested counsel communicate by phone next time.

At this hearing, Defendant argued that Plaintiff's witness "declarations" were not valid because they were not made under oath or affirmation and therefore could not be considered at all. Although Plaintiff represented that the declarations could be refiled promptly in the correct form, and sought leave to amend them, Defendant argued that no amendment could be allowed because the unsworn declarations were a legal nullity and therefore Plaintiff had in effect presented no evidence opposing dismissal, which required the trial court to dismiss without allowing amendment. Plaintiff's counsel acknowledged the "procedural deficiencies" in the declarations, because "they do not include the language, I declare under penalty of perjury." Counsel offered to submit amended affidavits and requested leave to amend the complaint, but the trial court rejected Plaintiff's requests:

> THE COURT: Your complaint is not a verified complaint, and you have not submitted any affidavit or declaration to traverse the allegations of the defendant's jurisdictional affidavit. The case law is clear that under the circumstance, I must grant the motion, and I do grant the motion.
>
> . . . .
>
> [PLAINTIFF'S COUNSEL]: And that's with leave to amend?
>
> THE COURT: No, ma'am. That is not. It is finding that there is no jurisdiction here in Florida. Obviously, there may be jurisdiction elsewhere. Thank you.

7

The trial court entered a final order of dismissal with prejudice, expressly without leave to amend.

Plaintiff moved for reconsideration, arguing it was an abuse of discretion to dismiss with prejudice where Plaintiff had demonstrated its ability and desire to amend to allege additional facts and to cure the technical defects in the declarations. Plaintiff argued in the alternative that the original complaint alleged sufficient jurisdictional facts to support the court's exercise of jurisdiction over Defendant. The trial court denied the motion for reconsideration.

**Preservation And Standard Of Review.**

On appeal, Plaintiff argues that the allegations of the complaint were sufficient to sustain Florida's exercise of personal jurisdiction over Defendant even without being amended to include the statements set forth in the unsworn witness declarations. Plaintiff also argues that it should have been permitted to amend its complaint as requested below, and the additional facts set forth in its witness declarations would bolster a finding that Defendant is subject to personal jurisdiction in Florida. Plaintiff raised the same issues and arguments below. We therefore find that Plaintiff preserved its arguments for our review.

We review de novo the trial court's assessment of whether jurisdictional allegations are legally sufficient. State, Office of Att'y Gen., Dep't of Legal

8

Affairs v. Wyndham Int'l, Inc., 869 So. 2d 592, 596 (Fla. 1st DCA 2004). We review for abuse of discretion the trial court's decision to prohibit amendment of the complaint. Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank, 592 So. 2d 302, 305 (Fla. 1st DCA 1991) ("[R]efusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.").

**Plaintiff's Uncontroverted Original Allegations Were Sufficient.**

Plaintiff argued below, and argues here, that the uncontroverted allegations of its complaint, taken together with the terms of the parties' agreement attached to and incorporated in the complaint, were themselves sufficient to satisfy (1) Florida's long-arm statute and (2) constitutional considerations of due process. The Florida Supreme Court established this two-pronged analysis in Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989). That case required courts to evaluate both whether the long-arm statute is satisfied, and whether the defendant has minimum contacts with the forum state such that exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice" under International Shoe Co. v. Washington, 326 U.S. 310 (1945). Venetian Salami, 554 So. 2d at 502. This due process analysis asks whether the defendant's conduct and

9

connection with Florida are such that the defendant should reasonably anticipate being sued in Florida. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Plaintiff argued that its complaint satisfied both the long-arm statute and due process requirements. The trial court, however, implicitly rejected this argument by ruling only on the insufficiency of Plaintiff's unsworn declarations filed in opposition to Defendant's motion to dismiss. That is, if the allegations of the complaint standing alone were sufficient to invoke personal jurisdiction over Defendant, it becomes irrelevant that Plaintiff's subsequently-filed witness declarations were unsworn. We therefore address the threshold sufficiency of Plaintiff's complaint first, and then we will address the question of allowing amendment to cure deficiencies.

We agree with Plaintiff that the facts alleged in the complaint and in the attached agreement were sufficient to establish personal jurisdiction over Defendant, and Defendant did not controvert the jurisdictional allegations of the complaint. The complaint and its exhibits demonstrated that Defendant pursued business in Florida through numerous communications in writing, electronically, and by phone; and Defendant's representatives traveled to Florida to procure the business. Defendant did not deny any of those allegations, and admitted its

representatives traveled to Florida in connection with the agreement giving rise to the cause of action.

In addition, the parties' agreement, attached to and part of the complaint, required that notices and deliveries be sent to Plaintiff in Florida. Defendant did not deny that. The complaint alleged that Defendant provided deliverables to Plaintiff, and Defendant did not deny that. The complaint alleged that Plaintiff demanded a refund of the money Plaintiff had paid Defendant under the agreement (which would be paid to Plaintiff in Florida), and Defendant did not deny that. Uncontroverted allegations such as these have been held legally sufficient to create long-arm jurisdiction in Florida, and we hold that these allegations created personal jurisdiction over Defendant here, both as to (1) the long-arm statute and (2) due process requirements.

(1) <u>Long-Arm Jurisdiction</u>. Under two relevant provisions of Florida's long-arm statute, personal jurisdiction exists over a non-resident defendant that (a) does sufficient business in Florida or (b) breaches a contract in Florida:

Acts subjecting person to jurisdiction of courts of state.—

(1)(a)   A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

11

1.   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

.  .  .  .

7.   Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

§ 48.193(1)(a)1, 7, Fla. Stat. (2015).

If a defendant's affidavits supporting dismissal for lack of personal jurisdiction merely assert legal conclusions or otherwise fail to controvert the pertinent factual allegations of a complaint, the burden of proof on the existence or nonexistence of jurisdiction does not shift back to the plaintiff. Acquadro v. Bergeron, 851 So. 2d 665, 673 (Fla. 2003) (finding exercise of personal jurisdiction proper where defendant's affidavit was conclusory and did not refute underlying facts giving rise to jurisdiction); see also, e.g., Lampe v. Hoyne, 652 So. 2d 424, 426 (Fla. 2d DCA 1995) (holding burden never shifts back to plaintiff if "the nonresident defendant's affidavit does not sufficiently refute the jurisdictional allegations."). Thus, the determination of whether long-arm jurisdiction exists does not turn on a defendant's providing a list of ways it is *not* active in Florida, or a list of ways the plaintiff is active in another jurisdiction; but rather analyzes whether the defendant directly controverts the specific facts alleged in the complaint as a basis of jurisdiction.

(a) <u>Doing Business In Florida</u>. We find that Defendant's business activities in Florida as alleged in Plaintiff's complaint were sufficient to satisfy subparagraph (1)(a)1 of the long-arm statute. Defendant did not controvert the allegations of the complaint that Defendant engaged in several forms of ongoing, extensive communications with Plaintiff's representatives in Florida; traveled to Florida; entered an agreement requiring Defendant to send deliverables to Florida; and did send deliverables to Florida. These allegations established engaging in business in Florida under section 48.193(1)(a)1 of the Florida Statutes. Because Defendant did not refute these allegations, Plaintiff was not required to file any counter-affidavits and was entitled to a ruling that long-arm jurisdiction existed. <u>Acquadro</u>, 851 So. 2d at 672-73; <u>Lampe</u>, 652 So. 2d at 426.

Allegations similar to those made in Plaintiff's complaint appear fairly regularly in cases involving long-arm jurisdiction, and are sufficient to support such jurisdiction. We have indicated previously that long-arm jurisdiction will exist when a non-resident defendant procures business in Florida, even if the procurement resulted from only sporadic attempts to obtain business in Florida. <u>Price v. Point Marine, Inc.</u>, 610 So. 2d 1339, 1342 (Fla. 1st DCA 1992) ("Absent a continued and sustained effort to procure business, *or actual procurement of business*, these activities are insufficient to constitute substantial activities within the state of Florida.") (emphasis added). We have held that personal jurisdiction

13

exists over a non-resident defendant that sent representatives to Florida twice to solicit business, and sent numerous letters and faxes in connection with that business. Citicorp Ins. Brokers v. Charman, 635 So. 2d 79, 81 (Fla. 1st DCA 1994).

Likewise, other district courts have concluded that similar activities suffice to establish long-arm jurisdiction over non-resident defendants. The Fifth District concluded that a North Carolina company was subject to the jurisdiction of the Florida court because the defendant company entered into an oral contract with the Florida plaintiff, its employees communicated telephonically with plaintiff's employees in Florida, and it failed to make payments required to be made in Florida. Aspsoft, Inc. v. WebClay, 983 So. 2d 761, 766 (Fla. 5th DCA 2008). The Third District has held that a non-resident insurance broker who corresponded extensively with the Florida plaintiff, and traveled to Florida one time to renew the resulting insurance policy, was subject to long-arm jurisdiction. Naviera Mayaca Express S. de R.L. v. Brauer & Assocs., Inc., 559 So. 2d 1230 (Fla. 3d DCA 1990). The Fourth District has held that the non-resident defendant's sales of product to a Florida plaintiff, and its president's visit to plaintiff in Florida to discuss the product, satisfies the long-arm statute. Dublin Co. v. Peninsular Supply Co., 309 So. 2d 207, 210 (Fla. 4th DCA 1975).

14

Following Florida law on the same question, a federal district court has held that a non-resident defendant was subject to personal jurisdiction in Florida after soliciting business in Florida; traveling here to discuss that business and resulting contract; and "engag[ing] in extensive correspondence, phone conversations, and telefaxes" with the plaintiff's representatives in Florida. Future Tech. Int'l, Inc. v. Tae IL Media, Ltd., 944 F. Supp. 1538, 1556 (S.D. Fla. 1996). Consistent with these authorities, the uncontroverted factual allegations of Plaintiff's complaint are sufficient to establish long-arm jurisdiction over Defendant.

(b) Breaching A Contract In Florida. We also find that the allegations of the complaint regarding Defendant's failure to perform required acts in Florida were sufficient to satisfy the breach of contract provision in subparagraph (1)(a)7 of the long-arm statute. Although the complaint alleged breach of contract and Defendant denied having committed such a breach, Defendant's conclusory denial of the ultimate legal issue to be resolved in the lawsuit was not controlling and was ineffective to defeat jurisdiction. Rather, the proper focus is on the facts alleged that related to Defendant's "failure to perform *acts* required by the contract to be performed in this state." § 48.193(1)(a)7, Fla. Stat. (emphasis added).

Breach of contract occurs in Florida upon the breaching party's failure to perform an act required to be performed in Florida. Lacy v. Force V Corp., 403 So. 2d 1050, 1056 (Fla. 1st DCA 1981). Under this rule, an Ohio company was subject

15

to personal jurisdiction in Florida to defend a complaint alleging breach of contract, where the parties' agreement obligated the defendant to provide equipment to the plaintiff in Florida and the plaintiff alleged both that the equipment was late and that it did not conform to contract specifications. Lacy, 403 So. 2d at 1052. So too here, the complaint alleges that Defendant was obligated to provide its prototypes and end product to Plaintiff in Florida, and Defendant failed to provide products meeting the contractual specifications, thus breaching the contract. The complaint alleged acts to be performed in Florida and Defendant's failure to perform them, and these allegations satisfied the long-arm statute.

(2) Due Process Was Satisfied. In light of the uncontroverted allegations of Plaintiff's complaint, we also find that the exercise of personal jurisdiction over Defendant comports with the requirements of due process. Venetian Salami, 554 So. 2d at 502 (citing Int'l Shoe Co., 326 U.S. at 316). Defendant reasonably should have anticipated being haled into a Florida court in the event of a legal dispute over its performance under these parties' agreement. Our conclusion is supported by analogous case law. E.g., Future Tech Int'l, 944 F. Supp. at 1560 (finding that due process was satisfied where defendant traveled to Florida, negotiated with plaintiff in Florida, and directed correspondence and phone calls to plaintiff in Florida); Naviera Mayaca, 559 So. 2d at 1231 (concluding due process was satisfied where

16

defendant corresponded extensively with Florida plaintiff regarding their business relationship and sent a representative to Florida to discuss and renew the contract).

Because the uncontroverted jurisdictional allegations of Plaintiff's original complaint satisfied both Florida's long-arm statute and constitutional requirements of due process, the trial court should have denied Defendant's motion to dismiss and allowed the case to proceed. Even if we had determined that the original complaint was subject to dismissal, however, we would reverse for further proceedings because the trial court should have allowed Plaintiff to amend.

**Amendment Should Have Been Allowed.**

Faced with Defendant's motion to dismiss and argument that unsworn declarations were insufficient to avoid dismissal, Plaintiff expressly sought leave to (1) amend its complaint and (2) cure the deficiencies in the unsworn declarations. Although we have resolved the appeal on grounds of the sufficiency of Plaintiff's uncontroverted jurisdictional allegations, we would also reverse because of the trial court's abuse of discretion in denying Plaintiff's requests to amend the complaint and declarations. We find that (1) courts should allow plaintiffs to file amended pleadings under similar circumstances; and (2) the right to amend should extend to correction of defects in declarations and affidavits.

17

Florida Rule of Civil Procedure 1.190 requires that courts liberally allow amendments and disregard insubstantial errors or defects:

> **(a) Amendments.** A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 10 days after service of the amended pleading unless the court otherwise orders.
>
> . . .
>
> **(e) Amendments Generally.** At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.

Fla. R. Civ. P. 1.190(a), (e). This rule applies to Plaintiff's requested amendment of both its complaint and its supporting declarations.

(1) <u>Allow Amended Pleadings</u>. Florida courts have long adhered to a strong public policy of construing Rule 1.190 liberally absent abuse of the privilege, particularly as to a pre-answer first amendment. <u>Town of Micanopy v. Connell</u>, 304 So. 2d 478, 480 (Fla. 1st DCA 1974) ("[D]oubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be

abused."). The policy of liberal amendment applies in the context of a challenge to personal jurisdiction. Lopez v. La Fuente, 343 So. 2d 930, 931 (Fla. 3d DCA 1977) (allowing amendment following dismissal for failure to sufficiently allege facts demonstrating personal jurisdiction).

This policy of liberal amendment was applied with respect to jurisdictional allegations in DOT (SR), Inc. v. Telesur, 136 So. 3d 1239 (Fla. 2d DCA 2014). The appellate court had held previously that a complaint should have been dismissed for lack of personal jurisdiction, but that the dismissal should have been *without prejudice*. Due to an apparent scrivener's error, however, the phrase "without prejudice" was omitted from the version of the court's opinion transmitted to the lower tribunal and the parties. On remand the trial court refused to accept the plaintiff's amended complaint, and the plaintiff appealed. In the second appeal, the court reaffirmed its ruling that even if a complaint is dismissed for insufficient jurisdictional allegations, the dismissal should be without prejudice and the plaintiff should be allowed to amend its complaint. The court went on to note that this right to amend is an "absolute right" under Rule 1.190: "'The filing of a motion to dismiss does not end the plaintiff's *absolute right* to amend the complaint once.'" Telesur, 136 So. 3d at 1241 n.2 (emphasis added) (quoting Williams v. Gaffin Indus. Servs., 88 So. 3d 1027, 1030 (Fla. 2d DCA 2012)); see also Henderson v. Elias, 56 So. 3d 86, 90 (Fla. 4th DCA 2011) (holding dismissal

19

should be without prejudice where allegations were insufficient to establish long-arm jurisdiction); <u>Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co.</u>, 917 So. 2d 964, 968 (Fla. 3d DCA 2005) (reversing dismissal with prejudice for insufficient jurisdictional allegations, where right to amend had not been abused, defendant would not be prejudiced, and amendment would not be futile); <u>World Class Yachts, Inc. v. Murphy</u>, 731 So. 2d 798, 799-800 (Fla. 4th DCA 1999) (finding it error to dismiss complaint with prejudice where jurisdictional facts were deficient).

In this case, the question of amendment should not have arisen, because as we have explained above, the complaint's uncontroverted jurisdictional allegations were sufficient to establish personal jurisdiction over Defendant. When the question nevertheless did arise, the trial court abused its discretion in refusing to allow Plaintiff to amend its complaint. This was Plaintiff's first request for leave to amend, which was not abusive. The amendment would not have been futile because the additional factual allegations of the witness declarations would have bolstered the factual basis for finding that personal jurisdiction existed. Defendant would have had the right to move to dismiss again if it wished to do so, and therefore would not have been prejudiced. On these facts, the trial court should not have deemed the defects in the declarations to be fatal flaws prohibiting amendment of either the complaint or the declarations themselves.

(2) Allow Correction Of Defects. If Plaintiff had been allowed to amend its complaint, the question of insufficiency of its declarations opposing dismissal would have been rendered moot, because the new pleading would require Defendant to file a new motion and new affidavits if it still wished to contest jurisdiction. As this case developed below, however, the insufficiency of Plaintiff's unsworn declarations was raised for the first time at the hearing on Defendant's motion to dismiss. Immediately upon realizing the deficiency in the form of the unsworn declarations, Plaintiff's counsel stated that it would be a simple matter to have the witnesses present the same information under oath, and expressly requested leave to do so. The trial court's denial of the opportunity to cure the defects in the declarations was an abuse of discretion.

We note again Florida's strong public policy favoring resolution of disputes on their merits, and its strong policy in favor of allowing amendments and disregarding technical defects. See Fla. R. Civ. P. 1.190(e) ("At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."). In the summary judgment context, which is analogous to the posture of this case, the Florida Supreme Court has held that it was a departure from the essential requirements of law to deny a party the opportunity to amend its affidavit opposing summary judgment. Stephens v. Dichtenmueller, 216 So. 2d 448, 450 (Fla. 1968) (error to deny opportunity to

21

amend affidavit where defects "were largely technical and may have been amenable to correction"). To support its ruling in <u>Stephens</u>, the supreme court relied on the seminal case on summary judgment, <u>Holl v. Talcott</u>, 191 So. 2d 40, (Fla. 1966). The court there held that the trial court should have allowed the party opposing summary judgment to file amended affidavits to cure defects in the first one: "[I]t appears that the defects were largely technical and subject to correction. A liberal treatment of the petitioners' motion should have led to an order giving them the opportunity to supply the deficiencies."). <u>Holl</u>, 191 So. 2d at 47; <u>see also</u>, <u>e.g.</u>, <u>United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc.</u>, 43 So. 3d 127, (Fla. 3d DCA 2010) (finding departure from essential requirements of law in trial court's refusal to permit amendment of summary judgment affidavit's technical defects; collecting similar cases); <u>cf.</u>, <u>Bower v. C.J. Timm Inv. Co.</u>, 630 So. 2d 678, 680 (Fla. 2d DCA 1994) (allowing plaintiff to file amendment to correct defect in the jurat (the notary's acknowledgment) of affidavit opposing motion to dismiss for lack of personal jurisdiction).

Whereas these authorities all involved a party's request to amend an affidavit to cure defects as does the case here, Defendant below relied on cases involving materially different facts, arguing to the trial court that a defective declaration was tantamount to no affidavit at all and therefore Defendant was entitled to dismissal of the complaint with prejudice as a matter of law. <u>Hampton</u>

22

Island Pres., LLC v. Club & Cmty. Corp., 998 So. 2d 665, 668 (Fla. 4th DCA 2009) (finding dismissal proper where plaintiff had already amended twice and filed no affidavit to controvert defendant's affidavits challenging jurisdiction); Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 600 (Fla. 2d DCA 2007) (affirming dismissal for lack of jurisdiction where plaintiff "did not file any countervailing affidavits" but merely challenged credibility of defendant's affidavits); Wash. Capital Corp. v. Milandco, Ltd., Inc., 695 So. 2d 838, 840 (Fla. 4th DCA 1997) (affirming dismissal of complaint where plaintiff had already amended and "did not controvert any of the allegations in defendants' affidavit"). These cases that Defendant presented to the trial court below did not involve a first amendment, a proper affirmative request for leave to amend, or mere technical and readily curable defects in a witness statement. These distinguishable cases cannot properly be construed as defeating the substantial authorities cited above requiring liberal granting of amendments as to complaints and affidavits alike.

**Conclusion.**

In conclusion, we hold that the trial court erred in treating the allegations of the complaint as legally insufficient to establish personal jurisdiction over Defendant. We also hold that the trial court abused its discretion in dismissing

23

Plaintiff's complaint with prejudice rather than allowing Plaintiff to amend either its complaint or its declarations or both. Because we find that the trial court had personal jurisdiction over Defendant under both Florida's long-arm statute and due process considerations, we reverse and remand for further proceedings consistent with this opinion.

REVERSED.

B.L. THOMAS, J., CONCURS; BILBREY, J., DISSENTS WITH OPINION.

BILBREY, J., Dissenting.

Because the majority decision conflicts with established Florida and United States Supreme Court precedent, as well as past cases from this and other District Courts, misapplies the liberal amendment of pleadings requirement to what is actually a failure of proof, and incorrectly equates dismissal without leave to amend to dismissal with prejudice, I respectfully dissent.

## I. CONTESTING PERSONAL JURISDICTION

There is a two-part test to establish personal jurisdiction. International Shoe Co. v. Washington, 326 U.S. 310 (1945). First, a defendant must undertake "some act by which [the defendant] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). "The first step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction." Lockard v. Equifax, Inc., 163 F.3d 1259, 1265 (11th Cir. 1998). Personal jurisdiction under the Florida long-arm statute can be based on either specific acts subjecting a defendant to Florida jurisdiction or based more generally on a defendant engaging in "substantial and not isolated activity within this state." § 48.193, Fla. Stat.; Garris v. Thomasville-Thomas County Humane Society, Inc., 941 So. 2d 540 (Fla. 1st DCA 2006); Helicopteros Nacionales de Columbia, S.A.

v. Hall, 466 U.S. 408 (1984). Second is a determination of whether a forum state's exercise of person jurisdiction over a defendant complies with "traditional notions of fair play and substantial justice" as required by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. International Shoe, 326 U.S. at 316; see also Burger King Corp., 471 U.S. at 476.

The Florida Supreme Court set out the procedure for a defendant to contest personal jurisdiction in Florida in Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989). This procedure has been consistently followed and applied since. Prior to filing an answer to the complaint, a defendant must file a motion to dismiss based on lack of personal jurisdiction. If personal jurisdiction is not challenged before making a general appearance, it is waived. Fla. R. Civ. P. 1.140(b).

By itself, the motion to dismiss constitutes a challenge to the legal sufficiency of the pleadings. Venetian Salami, 554 So. 2d at 502 citing Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n of Ft. Lauderdale, 325 So. 2d 58 (Fla. 4th DCA 1976); Golf Car System-Pennsylvania, Inc. v. Golf Car Systems, Inc., 470 So. 2d 79, 80 (Fla. 2d DCA 1985) ("Appellants' unsupported motion simply accepted as true all jurisdictional facts properly pleaded in the complaint and asserted that they were nevertheless legally insufficient to invoke the long-arm statute."). However, when a defendant wants to go beyond merely challenging the

26

legal sufficiency of the allegations in the pleading and seeks to contest the underlying facts supporting the jurisdictional allegations of the complaint, a defendant must present evidence to refute the allegations and set forth why personal jurisdiction is lacking.[1]  Venetian Salami, 554 So. 2d at 502.  The burden then shifts to the plaintiff asserting personal jurisdiction to "prove by affidavit" the basis for personal jurisdiction.  Id.  Typically, the affidavits can be "harmonized" and the trial court makes a legal determination whether personal jurisdiction exists under the facts.  Id. at 503.  If the affidavits are in dispute, a limited evidentiary hearing is conducted on the issue of personal jurisdiction to resolve the disputed facts.  Id.

### A.  CDI's Affidavit and Intego's "Declarations"

Here, CDI filed a motion to dismiss pursuant to Venetian Salami.  CDI also filed an affidavit which disclaimed any grounds for asserting personal jurisdiction based on the specific acts involving its agreement with Intego or based on any claim of general jurisdiction.  CDI's affidavit stated that it was made under penalty of perjury and was notarized pursuant to California law by a California notary public.

In response, Intego filed two documents entitled "Declarations."  These

---

[1] If we were only dealing with the legal sufficiency of Intego's complaint, I agree that the requirement of liberally granting amendments to pleadings would come into play if the complaint was found to be lacking sufficient allegations to establish personal jurisdiction.

27

documents were not notarized, were not made under penalty of perjury, and were not even averred to be "true and correct." See §§ 92.50 and 92.525, Fla. Stat. (setting forth how oaths and affidavits are made in Florida, in other states, and in foreign countries, and how documents are verified). In short, the two Declarations filed by Intego were nullities and of no probative value. The trial court correctly declined to consider these unsworn Declarations. Arnold v. Arnold, 889 So. 2d 215, 216 (Fla. 2d DCA 2004) ("Unsworn statements cannot serve as the basis for a trial court's factual determinations."). The procedures to be followed post-Venetian Salami are well-established and Intego's counsel should have known what was required to support the allegations of personal jurisdiction once CDI filed its affidavit.[2] Intego never provided sworn facts to rebut the sworn factual assertions of CDI and therefore failed to meet its burden to prove personal jurisdiction over CDI. See Rollet v. De Bizemont, 159 So. 3d 351, 356 (Fla. 3d DCA 2015) ("[Plaintiff's] failure to file an affidavit or other evidence to rebut [defendant's] affidavit, filed in support of his motion to dismiss, required dismissal of the complaint."); Rensin v. Office of Attorney General, Dep't Legal Affairs, 18 So. 3d 572 (Fla. 1st DCA 2009).

**B. Whether the Trial Judge Should Have Allowed Intego**

---

[2] Even if Intego's counsel did not know of the Venetian Salami requirements for contesting and proving personal jurisdiction before CDI filed its motion to dismiss, counsel should have known once the motion to dismiss was filed because the Venetian Salami case was featured prominently in the motion.

28

## a Second Opportunity to File Actual Affidavits

As stated above, Intego had the opportunity under well-established legal procedure to file evidence to prove the alleged personal jurisdiction. It failed to do so. The majority opinion finds error in the trial court's denial of leave to amend to cure the purported technical deficiencies in Intego's Declarations. However, Intego never raised the issue of "technical deficiencies" in its initial brief, so the issue was waived and we should not address it. See Hoskins v. State, 75 So. 3d 250 (Fla. 2011) (issues not raised in an initial brief are abandoned); Land v. Fla. Dep't of Corrs., 181 So. 3d 1252 (Fla. 1st DCA 2015).

More importantly, the problem with Intego's Declarations was not a mere technical defect. In all of the relevant cases cited by the majority, the trial courts were presented with actual affidavits but some statement or evidence in the affidavit was lacking. See Stephens v. Dichtenmueller, 216 So. 2d 448 (Fla. 1968) (competency to offer expert opinion and vagueness); Holl v. Talcott, 191 So. 2d 40 (Fla. 1966) (possible failure to specify the negligent acts or standards of care breached); United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc., 43 So. 3d 127 (Fla. 3d DCA 2010) (proper foundation for admission of business records under hearsay exception).[3] In contrast to these cases where there was a technical

---

[3] Bowers v. C.J. Timm Inv. Co., 630 So. 2d 678 (Fla. 2d DCA 1994), cited in the majority opinion dealt with the waiver by trial counsel to a defective notary jurat and stipulation to allowing an amended affidavit to be filed. Bowers is distinguishable in that there was an attempt to file a proper affidavit for the hearing

29

deficiency with the affidavit, here there was no evidence offered at the hearing in support of Intego's position. Just as appellate courts "do not generally provide parties with an opportunity to retry their case upon a failure of proof," the busy trial courts of Florida should not be forced to offer a party multiple opportunities to carry the party's burden of proof when the party fails to present any evidence at the first hearing. See Phillips v. Nationstar Mortg., LLC, 189 So. 3d 944, 945 (Fla. 5th DCA 2016); Burdeshaw v. Bank of New York Mellon, 148 So. 3d 819, 826 (Fla. 1st DCA 2014); Wolkoff v. American Home Mortg. Servicing, Inc., 153 So. 3d 280, 283 (Fla. 2d DCA 2014). Additionally, non-resident defendants should not be repeatedly haled into Florida courts because resident plaintiffs failed to support their allegations of personal jurisdiction by following the well-established requirements for proof under Venetian Salami.

## II. ALLEGATIONS IN THE COMPLAINT, CDI'S AFFIDAVIT, AND THE *INTERNATIONAL SHOE* TEST

The issues remaining then are whether Intego stated a basis for personal jurisdiction in its complaint, if so whether the CDI affidavit refuted the claims of personal jurisdiction, and if so whether the trial court should have allowed an amendment of the complaint after determining that personal jurisdiction was lacking.

and more importantly the deficiencies were waived by the opposing party. Here Intego did not try to file any actually sworn evidence in its Declarations and CDI did not agree to allow a proper filing.

30

## A. Personal Jurisdiction Allegations in the Complaint

In paragraph 4 of the complaint, Intego alleged:

> 4.    Defendant [CDI] pursued business in Florida, traveled to Florida to procure the business, and voluntarily agreed to Florida as its choice of law in an Engineering Services Agreement entered into on January 24, 2014 with [Intego] ("the Agreement"), a true and accurate copy of which is attached as Exhibit A.

Taking the allegations in a light most favorable to Intego, the complaint arguably alleged that CDI met the specific act requirement of section 48.193(1)(a)1, Florida Statutes, by engaging in business in the State.  It is clear that the complaint did not allege that CDI was subject to general Florida jurisdiction under section 48.193(2).  Pursuing business or traveling to Florida without specifying the number of occasions would be insufficient to show "substantial and not isolated activity." See Ranger Nationwide, Inc. v. Cook, 519 So. 2d 1087 (Fla. 3d DCA 1988).[4]  Had CDI moved to dismiss the complaint without filing an affidavit that would conclude the analysis and Intego could proceed with the suit.

## B. CDI's Affidavit

However, because CDI did file an affidavit it is necessary to examine whether it refutes the allegations in the complaint that CDI engaged in specific acts in Florida subjecting CDI to personal jurisdiction.  I believe the affidavit does so. CDI's affidavit states that CDI does not and had not "[c]arried on any business in

---

[4] The majority opinion recognizes only that specific jurisdiction over CDI is present and does not argue that there is general jurisdiction over CDI.

31

Florida" or "breached any contracts or agreements in Florida." The CDI affidavit further states that the transaction commenced in California and that the contract "was made in California, entered into in California, to be performed in California." It also states that CDI made two trips to Florida to meet with Intego employees, but performed no services in Florida during those meetings. The CDI affidavit states that Intego represented that it was qualified to do business in California, is registered in and does business in California, and that "Intego contacted CDI representing that it was doing business from an office located" in California. The CDI affidavit alleged that Intego was selling its products in California.

The uncontested allegations in CDI's affidavit are that the contract originated in California when Intego, purporting to be a California company, contacted CDI. The confidentiality agreement signed by parties at the inception of their relationship noted that Intego (known by its d/b/a Critical Alert) was organized under the laws of the State of Delaware and had an office in Santa Monica, California. The CDI affidavit also states:

> Virtually all of the evidence related to performance of the Contract in California is located in California, all of the witnesses to the performance of the Contract (and its alleged breach) are located in California and virtually all of the documents related to performance of the Contract are located in California.

> ***

> I believe in good faith that CDI will be substantially prejudiced in defense of this action if DCI is forced to defend in Florida, including

32

that it will suffer difficulty in great expense in (a) obtaining testimony or appearance at trial of CDI witnesses; (b) obtaining testimony and documents related to performance of the alleged Contract in California; (C) difficulty compelling production of documentary evidence and testimony in Florida; and (D) suffer prejudicial expense and travel to Florida for appearance in defense of this case.

## C. The *International Shoe* Test

CDI's affidavit is the only evidence that the trial judge was provided when she determined that that CDI was not subject to personal jurisdiction in Florida. The various facts that the majority raises from Intego's unsworn Declarations were not properly before the trial judge and therefore appropriately not considered under Venetian Salami and its progeny published since 1989. "If no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss." Horowitz v. Rose Printing Co., 664 So. 2d 325, 327 (Fla. 1st DCA 1995) citing Tobacco Merchants Ass'n of U.S. v. Broin, 657 So. 2d 939 (Fla. 3d DCA 1995). Had Intego filed any proof in a valid affidavit, we might have a more difficult decision as to whether sufficient contacts had occurred to establish personal jurisdiction over CDI, but it did not.

The majority opinion mentions that CDI's affidavit does not refute Intego's claim that CDI was pursuing business in Florida or traveling to Florida to secure a contract. However, neither of these specific acts would subject Intego to specific jurisdiction under section 48.193(1)(a) and neither of these specific acts would be sufficient to allege general jurisdiction under section 48.193(2). Price v. Point

33

Marine, Inc., 610 So. 2d 1339 (Fla. 1st DCA 1992); Ranger. The trial court properly found specific jurisdiction was lacking under the first prong of the International Shoe test.

Furthermore, even if the requirements of the Florida long-arm statute were met subjecting CDI to specific jurisdiction, I believe the assertion of personal jurisdiction here would violate Due Process by offending the "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. "The mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts." Venetian Salami, 554 So. 2d at 502. It is not fair or reasonable to force CDI to defend the suit in Florida. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Florida has no interest involved in adjudicating the dispute, other than Intego doing business here. Id. "[M]ere injury to a forum resident is not a sufficient connection to the forum." Walden v. Fiore, 134 S.Ct. 1115, 1125 (2014) citing Calder v. Jones, 465 U.S. 783 (1984). The unrefuted facts set forth by CDI in its affidavit show that it offends Due Process to hale it into a Florida court based on the business dealings between CDI and Intego in California.

## III. WHETHER INTEGO SHOULD HAVE BEEN GRANTED LEAVE TO AMEND THE COMPLAINT

The final consideration is whether, after having considered the evidence

34

before her and having properly granted the motion to dismiss for lack of personal jurisdiction, the experienced trial judge was required to grant Intego's request to amend the complaint. It needs to be emphasized that although the majority opinion says that Intego's complaint was **dismissed with prejudice**, in fact **prejudice was not addressed**, and **the case was dismissed without leave to amend**. There is an important distinction between dismissal with prejudice and dismissal without leave to amend. I recognize that the general rule when dealing with a pleading issue is that dismissal should be without prejudice if it is possible to state a cause of action and amendments should be liberally granted. But the order dismissed the complaint "without leave to amend" and specified that the trial court was not determining "whether jurisdiction would be proper in a different jurisdiction." Intego was free to file in California or anywhere else it could obtain personal jurisdiction over CDI. See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1221 (11th Cir. 1999) (dismissal due to lack of personal jurisdiction was not an adjudication on the merits, but did act as res judicata to prevent further litigation in Florida).

Furthermore, this was not a dismissal for failure to state a cause of action. Rule 1.140(b), Florida Rules of Civil Procedure, distinguishes between motions to dismiss based on lack of personal jurisdiction and motions to dismiss based on failure to state a cause of action. A motion to dismiss for failure to state a cause of

35

action admits the allegations as true and involves consideration of an issue of law dependent only on the four corners of the complaint. Siegle v. Progressive Consumers Ins. Co., 819 So. 2d 732 (Fla. 2002). The personal jurisdiction proceeding required by Venetian Salami goes beyond just pleading. It is an evidentiary process more akin to a trial or at least a summary judgment proceeding. At trial if the plaintiff fails to carry its burden of going forward or burden of persuasion, it loses. A party does not get a chance to try the case again. At summary judgment if one side presents affidavits that there is no contested issue of material fact, and the other side does not rebut the affidavits, the movant wins. The non-moving party does not get a second opportunity to prove that there are facts in dispute. The same process should apply here. See Phillips, 189 So. 3d at 945; Burdeshaw, 148 So. 3d at 826; Wolkoff, 153 So. 3d at 283.

Intego's problem was not a pleading defect, but a failure of proof. Our court and others have not always been clear as to what a trial court should do when granting a motion to dismiss based on lack of personal jurisdiction. Like the majority, many cases do not recognize the important distinction between dismissal with prejudice and dismissal without leave to amend. Many cases conclude without even discussing prejudice or leave to amend. See Horowitz; Rollet; Rensin; WH Smith, PLC. v. Benages & Assocs., Inc., 51 So. 3d 577 (Fla. 3d DCA 2010). Some cases direct dismissal without prejudice but without discussing

36

whether the plaintiff can amend or can only refile in an appropriate forum. See Telesur v. DOT (SR), Inc., 100 So. 3d 1232 (Fla. 2d DCA 2012); PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802 (11th Cir. 2010). But my belief that we should affirm the dismissal without prejudice for Intego to refile in an appropriate forum is consistent with what other courts have done. See Cornerstone Inv. Funding, LLC. v. Painted Post Grp., Inc., 188 So. 3d 904 (Fla. 4th DCA 2016) (reversing denial of motion to dismiss without prejudice to refiling in an appropriate forum); Camp Illahee Investors, Inc. v. Blackman, 870 So. 2d 80 (Fla. 2d DCA 2003) (directing trial court to dismiss claim without prejudice to refiling in appropriate jurisdiction); Suffolk Federal Credit Union v. Continental Ins. Co., 664 So. 2d 1153 (Fla. 3d DCA 1995) (directing trial court to dismiss claim without prejudice to refiling in appropriate state); Posner, 178 F.3d at 1214, n.6 ("A court without personal jurisdiction is powerless to take further action.").

There are decisions to the contrary, but the opinions do not analyze the pleading versus proof issue. Additionally, they do not seem to recognize that a dismissal for lack of personal jurisdiction is not an adjudication on the merits and the plaintiff is free to file in an appropriate forum. In World Class Yachts, Inc. v. Murphy, 731 So. 2d 798 (Fla. 4th DCA 1999), the court conflated amendment and dismissal with prejudice. There the court reversed a dismissal with prejudice stating, "A trial court should not deny a party leave to amend a complaint unless

37

the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile."[5]  Id. at 800.  The trial court in that case had considered affidavits from both parties.  Id. at 799.

The Fourth District Court of Appeal has cited World Class Yachts on other occasions with no additional discussion.  See Henderson v. Elias, 56 So.3d 86 (Fla. 4th DCA 2011) (reversing with leave to amend where only the sufficiency of the pleadings was challenged); Russo v. Fink, 87 So. 3d 815 (Fla. 4th DCA 2012) (affirming with leave to amend where both parties submitted affidavits). Thereafter, the Fourth District arguably created intra-district conflict with its recent decision in Cornerstone Inv. Funding, LLC. which, correctly I believe, noted that the dismissal without prejudice was with leave to refile in an appropriate forum.

The Third District has also addressed the issue subsequent to Suffolk Federal Credit Union, also I respectfully submit, failing to distinguish between denial of leave to amend and dismissal with prejudice.  In Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., Inc., 917 So. 2d 964 (Fla. 3d DCA 2005), the court reversed the dismissal for lack of personal jurisdiction.  The court noted in dicta that even if the trial court had been correct to dismiss the complaint, the dismissal should have been without prejudice and the plaintiff should have had leave to amend.  Id. at 968.  In my view this is only half right.

---

[5] Even if this test applied here, I would find prejudice to CDI in having to continue to defend an action in a state in which it has no connection.

Finally, several federal courts have denied leave to amend after finding a lack of personal jurisdiction because amendment would be futile. See Spiegel v. Schulman, 604 F.3d 72, 78 (2d Cir. 2010) (affirming order denying leave to amend where amendment would be futile; plaintiff failed to demonstrate personal jurisdiction over defendant); National Gen. Ins. Co. v. Road Side Assistance, 2008 WL 1913279 (E.D. Ark 2008). Federal courts have recognized the distinction between dismissing an action with prejudice and dismissing an action without leave to amend. See Smith v. U.S., 554 Fed. App. 30 (2d Cir. 2013); Hollander v. Sandoz Pharm. Corp., 289 F.3d 1193 (10th Cir. 2002); Posner, 178 F.3d at 1221; Walker v. THI of New Mexico at Hobbs Center, 801 F. Supp. 2d 1128, 1141 (D. N.M. 2011) ("Dismissing the case for lack of personal jurisdiction, therefore, acts as re judicata in courts subject to the same jurisdiction limits, but does not preclude litigation of the merits in a court with jurisdiction."); Rogers v. Nacchio, 2006 WL 7997562 (S.D. Fla. 2006), aff'd in part, appeal dismissed in part, 241 Fed. Appx. 602 (11th Cir. 2007).

## IV. CONCLUSION

Therefore, as set forth above I would affirm the trial judge's dismissal of the complaint for lack of personal jurisdiction without leave to amend but with leave for Intego to file in California or any other forum where it may obtain personal jurisdiction over CDI. I also note that the trial court did not address CDI's

alternative argument for dismissal based on forum non conveniens. I therefore see no reason that CDI cannot seek a ruling from the trial court on that motion on remand.